## Wilson *et al.* *versus* McKeehan.

1. Under the devise in McKeehan *v.* Wilson, ante p. 74, *held* that the widow took a life estate in the whole land, notwithstanding the contingency which gave her a fee in a moiety happened during her life.

2. The first taker is regarded as the preferred object of the testator's bounty, and in doubtful cases the gift is to be construed so as to make it as effectual to him as possible.

3. A gift of the proceeds of real estate for life, is a devise of the real estate itself for life.

THIS was a writ of error by the plaintiff below to the judgment of the Court of Common Pleas of *Cumberland county*, which was reviewed in the preceding case (McKeehan *v.* Wilson), and was taken out after the former decision of the Supreme Court, under the Act of March 22d 1850, § 2, Purd. 410, pl. 5. See also Ormsby *v.* Ihmsen, 10 Casey 462.

The plaintiffs claimed to recover mesne profits from one moiety of the land prior to the widow's death, and assigned for error that " The court erred in their judgment that ' the plaintiffs cannot recover any part of the mesne profits accruing after the death of the last surviving child, and before the death of the wife.' "

*F. Watts*, for plaintiffs in error.—The two clauses of the testator's will disposing of his real estate give one-half of it to the wife for life and a contingent remainder in fee to the children dependent on their surviving the wife, and on failure of the contingency, to the wife and the heirs of his sister.

The heirs of the sister and the wife took a fee on the happening of the contingency.

If the wife and children had joint estates for the life of each other, then no estate in fee could vest in her till after her death ; this would vest no estate in fee at all. Both estates vest at the death of the surviving child, and from that time the heirs of the sister are entitled to mesne profits.

*A. B. Sharpe*, for defendants in error.—It having been decided (ante, p. 74) that this is a joint devise for life to the wife and children, the wife having survived the children took all the proceeds for her life: Tounley *v.* Bolton, 1 Myl. & K. 148 ; McDermitt *v.* Wallace, 5 Beav. 142 ; Smith *v.* Oakes, 14 Sim. 122 ; Crawford *v.* Trotter, 4 Mad. 361 ; Hatton *v.* Finch, 4 Beav. 186 ; Willis *v.* Lucas, 1 P. Wms. 472 ; Lentz *v.* Lentz, 2 Phila. R. 148 ; Styer's Appeal, 2 Grant 453 ; Arnold *v.* Jack's Executors, 12 Harris 57 ; s. c., 1 Grant 405.

The argument that because a fee in a moiety vested in the sister's heirs on the death of the surviving child, it then passed the

moiety to them in possession, passes by the previous clause which gives a joint life estate to the widow and children. The provisions of the will show that his wife was the chief object of his bounty. The second clause disposes only of the remainder of his estate after the joint life estate. This is manifestly the intention of the testator, and should control the construction: Findlay *v.* Riddle, 3 Binn. 149; Rewalt *v.* Ulrich, 11 Harris 388; Estate of Mary Biddle, 4 Casey 59.

The opinion of the court was delivered, July 3d 1867, by
Thompson, J.—The testator, William Davidson, deceased, in order to make a suitable provision for his widow, carved out in very express terms in her favor, a life estate in his farm with contingent remainders in fee. The contingency referred to happening during her life gave her a fee in an undivided moiety of the land, and we are asked to hold that this result cut out her life estate in the other moiety. We do not see any controlling reason for this as incident to the happening of the contingency referred to, and certainly the reason is not to be found in any words used or provisions attempted to be made to modify this result.

The remainder-men take under the will and in no other way; they took therefore subject to its very terms, one of which was the continuance of the preceding life estate. Their moiety, so far as the life estate in the widow was concerned, was unchanged by the happening of the event which gave them a fee. Unless we so hold, we defeat the intent of the testator plainly expressed in the following clause :—" I give and devise to my beloved wife and my three children all the proceeds of my farm *during her natural life;* and my wife the privilege of living with the family in the dwelling-house as long as she does live." We have already held this to be a joint devise for life to the widow and children and the survivor or survivors. She for her own life and they *per auter vie.* It is, therefore, a life estate in her whether she survived the children or not; but she did survive them all many years. Here then we have a life estate in the entire farm, created by a devise of the proceeds with the expressed intent that possession should accompany it during life. The rule is to regard the first taker as the preferred object of the testator's bounty, and in doubtful cases, the construction leans in favor of making the gift to him or her as effectual as possible : 11 Harris 388. The wife was unmistakeably the first object of the testator's bounty; and we see nothing in the words of the will or in its provisions to entitle the plaintiffs below to any profits in the land during the life of Mrs. Davidson.

The judgment is affirmed.