## Cable's Appeal.

91　327
182　533
91　327
f197　122

1. A mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on land.

2. A testator gave to his two sons all his farm, with a further direction in his will that said sons should pay his daughter a certain sum in two years after testator's death. *Held*, that said direction did not imply that said legacy should be a charge on the land.

October 15th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1879, No. 8.

Appeal of Edward Cable from the decree of the court directing the payment by appellant of a certain legacy out of land devised by John Cable, deceased.

John Cable died in December 1876, leaving a will, which contained the following provision:—

"First. I give and bequeath unto my two sons, John and Edward Cable, all my farm, after my death, to them so long as they do live, and after their death to their children. But the said John and Edward Cable is to pay to my four daughters as follows: to Eliza Portsmouth, my daughter, wife of John Portsmouth, five hundred dollars; to Sarah McClure, my daughter, wife of William McClure, five hundred dollars; to Jessica Reed, my daughter, wife of Joseph Reed, five hundred dollars; to Harriet Cable, three hundred dollars; to be paid in two years after my death; and also, my sons, the aforesaid John and Edward Cable, or their heirs, are to find a house for my wife Sarah and daughter Harriet, and keep them and clothe them. Also, to provide for them everything that is necessary for their comfort as long as they shall live or remain unmarried."

John Cable, Jr., died in 1876, unmarried and intestate, and letters of administration on his estate were granted to appellant.

The children of Jessica Reed, formerly Jessica Cable, deceased, petitioned the Orphans' Court for a decree to compel Edward Cable to pay the legacy bequeathed to their mother by said will, and which they claimed was charged upon the land devised by said testator to his sons, John and Edward. The court, Hawkins, P. J., without filing an opinion, entered a decree that appellant should pay the aforesaid legacy, and in default of payment within thirty days from said decree that a writ of levari facias should issue to enforce the payment against the land devised to John and Edward. From this decree this appeal was taken.

*J. S. Ferguson* and *R. & S. Woods*, for appellant.—To make a legacy a charge upon land devised, it is necessary it should be declared so by express words, or that it may be inferred from the

[Cable's Appeal.]

whole will that such was the intention of the testator: Montgomery *v.* McElroy, 3 W. & S. 371.

The direction in the will in this case is, that John and Edward shall pay, but there is no provision, in terms at least, for payment in the event that John and Edward died within two years after the testator. If that happened, their estate in the land devised was ended. Their children did not take through them, but under the will. Yet there is no direction that the children should pay; much less is there any express charge upon the land.

There is no appreciable difference between the expressions used in the wills in Tower's Appropriation, 9 W. & S. 103; Hamilton *v.* Porter, 13 P. F. Smith 332, and Buchanan's Appeal, 22 Id. 448, and that under consideration in this case.

*Malcolm Hay,* for appellee.—Lands may be charged with payment of legacies either by express words or by implication from all the provisions of the will, and the intention is to be carried out wherever it is discoverable from anything in the instrument: Ripple *v.* Ripple, 1 Rawle 386; Witman *v.* Norton, 6 Binn. 395; Brandt's Appeal, 8 Watts 198; Okeson's Appeal, 9 P. F. Smith 99; Horwitz *v.* Norris, 10 Id. 281; Gilbert's Appeal, 4 Norris 347.

In addition to the understanding of this devise obtained by considering the ordinary meanings of the word so aptly used to make an express charge, we are aided also by the fact that judicial effect has been given to the word "but" as a restricting and limiting word to the full extent of its ordinary signification: Broughton *v.* Conway, Dyer 240; Peler and Jervis's Case, Id.; Brown *v.* Higgs, 8 Ves. 571.

If the construction of this will were doubtful the construction given should be as conformable as possible to the general rules of inheritance, which would make equally secure provision for daughters and sons: Minter's Appeal, 4 Wright 111; Horwitz *v.* Norris, 10 P. F. Smith 281; Frances's Estate, 25 Id. 220.

The testator says, " I give and bequeath all my farm." The daughters could be paid only out of that farm; and under such circumstances the legacies are a charge upon the land: Nichols *v.* Postlethwaite, 2 Dall. 131; Tucker *v.* Hassenclever, 3 Yeates 294, 2 Binn. 525; Witman *v.* Norton, 6 Id. 395; Commonwealth *v.* Shelby, 13 S. & R. 348; Bank *v.* Donaldson, 7 W. & S. 407; Tower's Appropriation, 9 Id. 103; Riley's Appeal, 10 Casey 291; Gallagher's Appeal, 12 Id. 121.

The acceptance of land charged with payment of legacies, may create a personal liability, as well as on the estate in the land devised: Lobach's Case, 6 Watts 167; Montgomery *v.* McElroy, 3 W. & S. 372.

The language used by John Cable in his will is stronger than

that used in the wills, and held to create a charge on the lands devised, in Gause *v.* Wiley, 4 S. & R. 509; Holliday *v.* Summerville, 3 P. & W. 533; Downer *v.* Downer, 9 Watts 60; Field's Appeal, 12 Casey 11; Knepper *v.* Kurtz, 8 P. F. Smith 480; Gilbert's Appeal, *supra.*

Chief Justice SHARSWOOD delivered the opinion of the court, October 27th 1879.

It is well settled that a mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on land. There must be something more, express words or necessary implication from the whole will that such was the intention. In the case before us there are certainly no express words or charge. It is contended, however, that it is necessarily implied from the words following the devise to John and Edward Cable, "but the said John and Edward Cable is to pay." But how do those words evince more than the intention that if his sons accept the devise they shall be personally liable to pay the legacies and perform the other duties devolved upon them by the will, among which was " to find a home for my wife Sarah and daughter Harriet, and keep them and clothe them ; also to provide for them every thing that is necessary for their comfort as long as they shall live or remain unmarried ?" If the pecuniary legacies to his daughter Jessica was a charge, surely these provisions for his wife and daughter Harriet were equally so. In Hamilton *v.* Porter, 13 P. F. Smith 332, the words of the will were "I will that S. H. H. is to take the land and pay $700 to each of my within-named heirs." It was held by this court not to be a charge. Buchanan's Appeal, 22 P. F. Smith 448, is if anything still stronger, indeed almost expressly in point. There the devise was to W., "he paying the legacies, &c." Yet this court held it was not a charge. In Hoover *v.* Hoover, 5 Barr 351, the words were " yielding and paying thereout," which were held to create a charge, and so it would have been here if the words had been "but they, the said John and Edward, to pay thereout." There are several cases in which, taking the whole will together, an intention has been discovered to create a charge, as in Gilbert's Appeal, 4 Norris 347 ; but there is nothing in any other part of this will to throw any light upon the question. We are called on to pronounce this a charge from the bare words, " but they to pay." We think that they are not sufficient, and that to preserve consistency in our own decisions we are compelled so to hold.

Decree reversed at the cost of the appellee.