## Shenk, Admr., Appellant, *v.* Shenk.

*Will—Devise—Valuation—Charge on land.*

A charge on land can arise only from the express language of a will or by necessary implication. A will contained certain charges on the real estate for testator's wife and a bequest to her of the yearly interest of one third of the real estate "of the valuation hereinafter made thereof." Testator then gave his grandson the real estate, charged with the gifts to the wife, and valued and appraised at a certain sum, providing that in case the grandson sold the property he should give his brothers and sisters the first offer to buy the same, upon the same conditions and for the same price at which it was valued and devised to him. The residue of the estate was given to his brothers and sisters, share and share alike, and it was further provided that if their respective shares should be greater than his share, the excess over his share should be equally divided between them all. *Held,* that the amount of the appraisement was not intended by the testator as a charge upon the real estate but merely as a valuation.

Argued May 20, 1892. Appeal, No. 45, July T., 1892, by plaintiff, Daniel H. Shenk, admr. d. b. n. c. t. a. of Benj. Shenk, deceased, from judgment of C. P. Lancaster Co., April T., 1890, No. 62, for defendant, Samuel Shenk, *non obstante veredicto* for plaintiff. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit, in 1890, for $2,000, charge on land.

Testator, by his will, made certain provisions for his wife, the same to be a charge annually upon his real estate, and further providing as follows: "I give and bequeath to my said wife the yearly interest of one third of my real estate, of the valuation hereinafter made thereof. . . . I give and devise unto my grandson Samuel Shenk, his heirs and assigns, subject and charged however with the rights, gifts and bequests made to my said wife as aforesaid," certain real estate. "And I

value and appraise the same to him the said Samuel Shenk, at and for the sum of $2,000. And it is my will that in case my said grandson Samuel Shenk sells the above property . . . . he shall give his brothers and sisters the first offer to buy the same . . . . and he shall let him, her or them have it upon the same conditions and for the same price at which it was hereby valued and devised to him." The residue of the estate testator gave to the brothers and sisters of Samuel. Then followed this provision: " But should their respective shares be greater than the share which I gave to their brother, then it is my will that the excess or surplus over and above Samuel's share aforesaid shall be equally divided between them all."

Plaintiff offered to prove that defendant's share of the estate was greatly in excess of that of the other grandchildren. Refused. [3]

The court, PATTERSON, J., directed a verdict for plaintiff, but reserved the question whether or not defendant was liable under the will, and subsequently entered judgment for defendant *non obstante veredicto.* Plaintiff appealed.

*Errors assigned, inter alia,* were (3) overruling the offer, quoting it; and (4) entering judgment for defendant.

*J. Hay Brown,* with him *W. U. Hensel* and *Wm. R. Wilson,* for appellant, cited, as to effect of devise: Coane v. Parmentier, 10 Pa. 72; Grim's Ap., 89 Pa. 333. Admission of evidence: Stambaugh's Est., 135 Pa. 585; Postlethwaite's Ap., 68 Pa. 477. Statute of limitations: Barclay v. Grove, 21 W. N. C. 202; Thompson v. McGraw, 2 Watts, 161; Doebler v. Snavely, 5 Watts, 225.

*Simon P. Eby, H. C. Brubaker* with him, for appellee.—Property was valued so as to fix defendant's share and ascertain bequest to widow. Hockadorn's Ap., 1 Pa. 86, was a stronger case than ours and it was held no charge on land.

PER CURIAM, July 13, 1892.

The learned court below entered judgment for the defendant *non obstante veredicto* upon the reserved point. As he did not file an opinion, we have no means of knowing the reasons for this ruling. The defence was that the will of Benjamin Shenk did not create a charge upon the land of the defendant; and, further, that, if it did create such charge, the said charge was

barred by the statute of limitations. The plaintiff's claim is certainly a stale one. The testator died December 9, 1864. The defendant, who was his grandson, and living with him, took immediate possession of the place devised to him, and has held it ever since. The widow died April 1, 1868. So that one part of the claim has been due about twenty-eight years, the balance of it about twenty-two years. The estate of Benjamin Shenk had been settled more than twenty-one years previous to the commencement of this suit. These facts justify us in saying that it is a stale claim. We need not concern ourselves about the statute of limitations, however, as we do not think the will of Benjamin Shenk creates a charge upon the land in question. Such charges can only arise from the express language of the will, or by necessary implication. Considering the will as a whole, we are not able to say that the testator intended to charge this sum of $2,000 upon the real estate devised to his grandson Samuel Shenk. It was a mere valuation or appraisement of the land.

Judgment affirmed.