## Heathcote's Estate.

*Will—Power of sale—Real estate—Legacies—Charge on land.*

The personal estate is the primary and prima facie the exclusive fund for the payment of legacies, and an intention to charge the real estate will not be inferred from the mere fact that there is a deficiency of personal estate.

Testator left surviving him a widow and five children. He gave all of his estate to his widow for life, or as long as she remained his widow, appoint-

ing her executrix. He directed her as executrix to deed a factory property to two of the children named, "and at her discretion as executrix, also pay over" to the other three children naming them, "each the sum of $2,500. It is my will that my executrix be authorized to sell any of my real estate, except the factory named above, to any person whom she may see proper, and divide the proceeds of such sale share and share alike among my children, or their legal representatives." Testatrix conveyed the factory property to the two children named, filed an account of personal property, had awarded to herself the balance for distribution, and subsequently sold the remainder of the real estate. The court directed that the fund raised from the sale of the real estate should be awarded to the three children to whom bequests of $2,500 were made, in part payment thereof. *Held*, that the court was in error, and that the proceeds of the real estate should have been divided equally among the five children.

Argued May 18, 1904. Appeal, No. 97, Jan. T., 1904, by Ellen Baughman, from decree of O. C. York Co., sustaining exceptions to auditor's report in estate of L. K. Heathcote. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Reversed.

Exceptions to the report of J. R. Strawbridge, Esq., auditor. The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*Charles A. Hawkins*, with him *J. S. Black*, for appellant.— That the personal estate is the primary fund for the payment of debts and legacies is horn book law: Eavenson's Appeal, 84 Pa. 172; Commonwealth v. Shelby, 13 S. & R. 348; Hanna's Appeal, 31 Pa. 53; Riley's Appeal, 34 Pa. 291; Duvall's Estate, 146 Pa. 176.

If the personalty comes short, whether from mistaken judgment of the testator as to its value, or from depreciation in the value of securities, or other cause, the beneficiaries of that fund alone will suffer: Okeson's App., 59 Pa. 99; Duvall's Est., 146 Pa. 176.

There is no conversion of the real estate into personalty as suggested in the opinion below. None of the three conditions exist which will effect such a result, as set forth in Hunt & Lehman's Appeals, 105 Pa. 128, and Irwin v. Patchen, 164 Pa. 51.

*John A. Hoober*, with him *William G. Allen*, *George E. Neff* and *Henry C. Niles*, for appellees.—Whoever claims against the laws of descent, or against the equality of distribution among the same class, must show clearly a sufficient written title. The rule of equality of descent to relatives of the same degree is so just that the law adopts it, when the law governs, and prefers it when it interprets: Lipman's Appeal, 30 Pa. 180; Grim's Appeal, 89 Pa. 333; Abel v. Abel, 201 Pa. 543; Malone v. Dobbins, 23 Pa. 296; Hitchcock v. Hitchcock, 35 Pa. 393; Bruckman's Est., 195 Pa. 363.

The $2,500 apiece to the three children are clearly legacies that the testator desired to have paid. Where the personalty is insufficient to pay legacies, they become a charge on the land: Nichols v. Postlethwaite, 2 Dallas, 131; Dickerman v. Eddinger, 168 Pa. 240; Com. v. Shelby, 13 Sergeant & Rawle, 348; English v. Harvey, 2 Rawle, 305; Riley's Appeal, 34 Pa. 291; Davis's Appeal, 83 Pa. 348.

OPINION BY MR. JUSTICE FELL, June 15, 1904:

The testator left surviving him a widow, who is the executrix of his will, and five children. He gave all of his estate to his widow for life or as long as she remained his widow. He directed her in her discretion as executrix to convey a factory property to two of his children and to pay to each of the remaining three $2,500. He authorized her to sell the remainder of his real estate and to divide the proceeds equally among all of his children. The widow conveyed the factory property to the two children named and filed a partial account of the personal estate, in which she charged herself with the amount of the inventory, $13,656, and claimed credit for stocks unsold appraised at $6,700. The balance for distribution, $4,200, was awarded to her on the supposition that since there was no bequest over she took the personal estate absolutely. She sold the remainder of the real estate and on the audit of her account the balance, $3,900, was awarded in equal shares to the testator's five children. Exceptions to the report of the auditor were sustained by the orphans' court, and the fund was awarded to the three children to whom bequests of $2,500 each were made, in part payment thereof.

The part of the will to be considered is this: "I give and

bequeath to my beloved wife Sarah Heathcote all my property, real and personal, during her lifetime or while she remains my widow, directing her at any time after my decease, as my executrix, to deed the factory property located on Baltimore street in the borough of Glen Rock, York county, Pennsylvania, to my son Spurgeon Heathcote, and my daughter Ellen Baughman, and at her discretion as executrix, also pay over to my daughters Lottie Lutz and Mary Jane Heathcote and my son Lloyd Heathcote each the sum of $2,500. It is my will that my executrix be authorized to sell any of my real estate, except the factory named above, to any person whom she may see proper, and divide the proceeds of such sale share and share alike among my children or their legal representatives."

The testator evidently intended to give his widow an estate for life only or widowhood in his real and personal estate with remainder to his children, each to take not an equal but a designated share. If his intention in regard to the estate which his widow should take in the personalty is defeated by a construction which the law places on his will and the shares of three of his children are diminished thereby, the court cannot give effect to his intention under the changed circumstances by writing a new will for him. The executrix had a discretion when to sell the real estate not specially devised, but the direction to divide the proceeds of the sale share and share alike among all the children was mandatory. That he intended equality of distribution is only a surmise, since we have no knowledge of the value of the factory property. But his intention in this regard is not open to inquiry in view of his distinct and positive direction as to what each child should take. This direction would prevail against an expressed intention to make an equal division: McKibbin's Estate, 207 Pa. 1.

There was not a conversion of the real estate. There was nothing in the will from which an intention to charge the legacies on the land can be inferred. There was no direction to sell it, no necessity to sell it in order to carry out the provisions of the will, and no blending of the real and personal assets which shows an intention to create a fund and bequeath it as money. The personal estate is the primary and prima facie the exclusive fund for the payment of legacies, and an

intention to charge the real estate will not be inferred from the mere fact that there is a deficiency of personal estate: Duvall's Estate, 146 Pa. 176.

The decree is reversed and it is now directed that distribution be made in accordance with this opinion.