## Watson, Appellant, v. Smith.

*Will—Construction—Devise—Gift to heir—Personal estate.*

Testator devised a farm to his only son and only living child, subject to payment of debts and legacies. By a second clause he bequeathed to his son all of his personal estate. Then after giving certain legacies, including one to his son, he directed that the children of a deceased daughter "shall be made to share equally with my son after all legacies named herein shall have been paid, then each child of my deceased daughter named above shall be entitled to receive their share of one half which remains." *Held*, that the children of the daughter took no interest in the farm devised to the son.

The intention of a testator to favor an only son by a devise of land to him in fee simple cannot be waived aside by ambiguous or equivocal direction; and even if there be doubtful expressions, that construction of the will will prevail which will support the main intention.

Argued Oct. 21, 1904.  Appeal, No. 161, Oct. T., 1904, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1903, No. 179, for defendants non obstante veredicto in case of James S. Watson et al. v. Albert J. Smith and Johnson C. Smith.  Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.  Affirmed.

Ejectment for land in Amwell Township.  Before TAY-LOR, J.

The jury returned the following special verdict:

And now, November 27, 1903, the jury impaneled and sworn in this case do find for the plaintiffs for the land claimed in the plaintiffs' declaration, to wit: the undivided one half of the tract of land described in the writ (excepting thereout the underlying coal of the Pittsburg or River vein), subject to the

opinion of the court upon a question of law reserved, arising upon the following facts, which are found by the jury, to wit:

1. James Smith, Sr., now deceased, was on July 29, 1900, and from that time onward until his death, seized in fee simple of the tract of land described in the writ.

2. On July 29, 1900, the said James Smith, Sr., made and executed his last will and testament bearing date said day, whereby he disposed of his estate in the following words, to wit:

"First—I give, and devise to my son Johnson C. Smith, his heirs and assigns, my farm situate in Amwell Township, subject however to the payment of my debts and the legacies given in this my last will and testament.

"Second—I give and bequeath to my son Johnson C. Smith and his heirs and assigns, all my personal estate of every description.

"Third—I bequeath to my son Johnson C. Smith the sum of One Thousand Dollars ($1,000).

"Fourth—I give and bequeath to Laura Day, wife of Elijah D. Day, the sum of Three Hundred Dollars ($300.00) said sum to take precedence of all other bequests herein given.

"Fifth—In lieu of dower I give and bequeath to my wife Sarah Smith so long as she remains my widow, or so long as she may live, annually the legal interest on the one-third of the value which shall be fixed or appraised on my farm devised to my son Johnson C. Smith. I charge the same on the land above mentioned.

"It is my desire that the children of my daughter Sarah Elizabeth, who was intermarried with D. D. Watson, shall be made to share equally with my son Johnson C. Smith, (i. e.) after all legacies named herein shall have been paid, then each child of my deceased daughter named above shall be entitled to receive their share of the one half which remains."

(Then appoints Johnson C. Smith, executor.)

3. The said James Smith, Sr., died on August 15, 1900, without revoking the said will, which after his death was duly probated before the register of wills of said county, and is of record in the office of said register in Will Book, No. 17, page 524. Letters testamentary thereon were by said register issued to Johnson C. Smith, one of the defendants, who was named therein as executor. By writing filed with said register on

April 11, 1901, Sarah Smith, widow of said testator, declined to take under the said will and elected to take under the intestate laws.

4. James Smith, Sr., in his lifetime gave to J. A. Ray an option to purchase the Pittsburg or River vein of coal underlying the tract of land described in the writ. Notice of acceptance and election to purchase said coal thereunder was given by the holder of said option on August 15, 1903, and after the death of said testator, in pursuance of a decree of specific performance made to No. 14, May Term, 1901, of the orphans' court of said county, the executor aforesaid, with the widow, conveyed the said Pittsburg or River vein of coal to the Johnetta Coal Company, assignee of said J. A. Ray.

5. Out of the moneys arising out of the sale of the coal aforesaid, and other moneys of the estate of said testator, the said executor paid, prior to the commencement of this action, the legacies to said Johnson C. Smith and Laura Day, bequeathed in the will aforesaid.

6. The plaintiffs are the children, and all of the children, of the testator's " daughter Sarah Elizabeth, who was intermarried with D. D. Watson." The said Sarah Elizabeth died prior to the date of said will.

7. Johnson C. Smith, one of the defendants, by his tenant, Albert Smith, the other defendant, is in the possession of the whole of the tract of land described in the writ (excepting the coal aforesaid), and was so in possession at the date of issuing the writ.

The question reserved, as aforesaid, for the opinion of the court, is whether the aforesaid will of James Smith, Sr., gives to the plaintiffs an interest in the tract of land aforesaid. If the court should be of opinion, upon the facts above stated, that the plaintiffs, under and by virtue of said will, are invested with title to the undivided half part of the tract of land aforesaid (excepting the aforesaid coal), then judgment to be entered upon the verdict in favor of the plaintiffs ; but if the court should be of opinion that the plaintiffs are not entitled under said will to any interest in said land, then judgment to be entered for the defendants non obstante veredicto.

The court entered judgment for the defendants non obstante veredicto.

*Error assigned* was the judgment of the court.

*James I. Brownson,* with him *John W. Donnans* and *Alvin Donnans,* for appellant.—One of the well-established rules for the construction of wills is that an heir can be disinherited only by express words or by necessary implication : Geisinger's App., 1 Mona. 600 ; Faulstich's Est., 154 Pa. 188 ; Weber's App., 17 Pa. 474, 479.

So, where the words of a will are capable of two interpretations, that construction is to be preferred which more nearly conforms to the intestate law : Grim's Appeal, 89 Pa. 333, 335.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellee. —Technical or definite words used in a will must be construed according to their legal or definite effect: Curry v. Paterson, 183 Pa. 238 ; Carroll v. Burns, 108 Pa. 386.

The entire will and every word and sentence of it are, if possible, to be so construed that all the parts of the will may stand together. Each is to be given full effect if possible : Edmonson v. Nichols, 22 Pa. 74 ; Schott's Estate, 78 Pa. 40.

Where it appears from the face of a will that one person is made to be the first taker of an estate, or is made the favorite or principal object of the testator's bounty, the law presumes that it was the intention of the testator to favor that person and the will will be construed in the light of that intention : McFarland's Appeal, 37 Pa. 300 ; Wilson v. McKeehan, 53 Pa. 79 ; Jackson's Estate, 179 Pa. 77.

While there is no doubt that of two contradictory clauses in a will the first must give way and the last take effect, yet the two clauses must refer to the same subject-matter, and the last must be clearly inconsistent with the first. If the main provision plainly covers the whole subject, and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made either general or partial, and may be capable by construction of either subverting entirely or of modifying only the original gift, such subsidiary provision must in the ordinary case be confined to its partial and restricted operation.

The clearly expressed purpose of a testator is not to be over-

borne by modifying directions that are ambiguous and equivocal and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's definitely announced main intention : Sheetz's Appeal, 82 Pa. 211 ; Snively v. Stover, 78 Pa. 484 ; Horwitz v. Norris, 60 Pa. 261 ; Shreiner's Appeal, 53 Pa. 106 ; Hart v. Stoyer, 164 Pa. 523 ; Jones v. Strong, 142 Pa. 496.

Although an estate of inheritance given in one clause of a will may be cut down by subsequent clauses, the intent must unequivocally appear on the face of the will : Krebs's Estate, 184 Pa. 222.

The primary fund for the payment of legacies is the personal estate and, although the legacies may by the will be charged upon the real estate, this does not have the effect of exonerating the personal estate, unless such intention be clearly expressed : Eavenson's App., 84 Pa. 172 ; Hoff's App., 24 Pa. 200 ; Riegelman's Estate, 174 Pa. 476.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904 :

The title to the land involved in this ejectment depends upon the construction of the will of James Smith, Sr., deceased. By his will, in the first paragraph, he devises his farm to his son, Johnson C. Smith (one of the appellees) his heirs and assigns, subject to the payment of his debts and certain legacies ; in the second he devises to his son all his personal estate ; in the third he devises $1,000 to his son ; in the fourth he devises $300 to Laura Day and, finally, he concludes it by the following: "It is my desire that the children of my daughter Sarah Elizabeth, who was intermarried with D. D. Watson, shall be made to share equally with my son Johnson C. Smith (i. e.) after all legacies named herein shall have been paid, then each child of my deceased daughter named above shall be entitled to receive their share of the one half which remains." It is clear that the first taker, Johnson C. Smith, was the principal object of the testator's bounty. The law presumes an intention to favor him and the construction of his will will be made in the light of such intention : McFarland's Appeal, 37 Pa. 300 ; Wilson v. McKeehan, 53 Pa. 79. Such purpose of a testator evidenced by his will cannot be waived aside by ambiguous or equivocal directions, and even if there

be doubtful expressions, that construction of the will will prevail which will support the main intention. His first intention, as expressed in the first paragraph of his will, was to give to his son an estate of inheritance, devising the farm to him and his heirs and assigns, and an intention to cut it down by a subsequent paragraph must appear unequivocally: Krebs's Estate, 184 Pa. 222.

The words of the last paragraph do not express unequivocally such intent. They are that "the children of his daughter, Elizabeth, shall be made to share equally with his son, Johnson C. Smith," and then by way of definite explanation he adds, "after all the legacies named herein shall have been paid, then each child of my deceased daughter named above, shall be entitled to receive their share of the one half which remains." The words "legacies," "to receive" and the words "their share of the one half which remains," clearly have reference to personalty, that being primarily chargeable with the payment of legacies. While they are made chargeable in the first paragraph upon the farm, there is nothing in the will to show a plain intention to exonerate the personalty from their payment. There is, therefore, no repugnance between the first and last paragraphs of the will and as there are no unequivocal expressions of an intention by the testator to cut down the estate of inheritance devised to his son in the first paragraph, the appellants were not entitled to recover in this action of ejectment, and the judgment is affirmed.