ness in his own behalf, he testified in chief that he was such a creditor, stating, "I had $12,000 worth of the bonds, as security for a loan, and I had a note of the Pennsylvania Bed Company;" and it was in evidence that when he asked for the renewal of the note he told the defendant that the Bed Company owed him "a good deal of money." We do not see that the admission of the testimony objected to could have done any material harm; hence it is unnecessary to discuss the assignment going to that point.

The specifications are all overruled and the judgment is affirmed.

---

## Wallace's Estate.

*Wills—Construction—Legacies—Payment of legacies—Charge on land.*

Testator gave "all household goods, furniture, etc., all my personal jewelry, all monies, all stocks now held in my name, all real estate" to my wife. He then expressed a desire that certain money legacies should be paid "out of the estate." He concluded his will as follows: "balance of my estate and share in business to be given to my wife." *Held,* that the real estate devised to the wife was not charged with the money legacies.

Argued, Nov. 1, 1911. Appeals, Nos. 227 and 228, Oct. T., 1911, by John J. Wallace et al. from decree of O. C. Allegheny Co., April T., 1910, No. 202, dismissing petition to charge legacies on land, in estate of John J. Wallace, deceased. Before FELL. C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

MILLER, J., filed the following opinion:
This is a proceeding on petition and answer to determine the status of certain legacies, and the liability of testator's land, to be charged therewith.

John J. Wallace, testator, died July 21st, 1907, leav-

ing to survive him a widow, but no children, nor father or mother; his nearest blood relations are a brother and the latter's five children, also the children of a deceased sister; this sister died after the decedent, testate, appointing decedent's brother as guardian and trustee for her children.

Testator's will is as follows:

"Pittsburgh, Pa., November 13, 1906.

"I, John J. Wallace, of 507 Winfield St., City of Pittsburgh, County of Allegheny, State of Pennsylvania, do hereby declare this as my last will and testament. Being in sound and perfect health and desirous of arranging my worldly affairs, I hereby will and bequeath as follows: all household goods, furniture, etc., all my personal jewelry, all monies, all stocks now held in my name, all real estate that I own, or have interest in at the time of my departure from this life, to my dear wife Maggie J. Trussell Wallace, who always has been a kind and loving wife and faithful companion, and I know that she will carry out my wishes as talked over between us. I desire that my sister Mrs. Agnes W. Green, shall have ($10,000) ten thousand dollars out of my estate, to my nephews Orlando Green and Wallace Green, her sons ($1,000) one thousand each and Mrs. Maggie Wallace, my wife, is to be their guardian. To James H. Wallace children (my brother's children) Rheams ($5,000) five thousand dollars, Margaret, Elizabeth, Ruth and James H., Jnr. ($1,000) one thousand each, to be given to their father and mother for them. Balance of my estate and share in business to be given to my wife Maggie.

Signed: JOHN J. WALLACE.

Witnesses:

S. C. MORAN,

T. O'CARROLL."

The executrix's account of the personal estate of testator at No. 104 March Term, 1910, including the decedent's interest in the partnership business with his

brother, under his father's will, shows no distribution to the petitioning legatees; there is no personal estate from which these legacies can be paid. The only estate remaining is testator's undivided one-half interest in a lot, and business building thereon, situated on Liberty Avenue, this City, which interest is valued at $75,000.

The bequests to the widow of household goods, furniture, jewelry, monies, stocks and real estate, are specific and absolute. Having thus given her all his real estate, he expresses a desire that the general legacies shall be paid out of his estate, not out of what he had previously given her. This remaining estate not devised was his interest in the partnership; it is what he had reference to in the language "balance of my estate and share in business;" after the legacies were paid therefrom what was left should in addition go to his widow; this does not change the absolute devise to her of the estate previously given; these legacies were to be paid, if binding, out of the balance of his estate not otherwise given.

The devise of the real estate to the widow vested in her as a purchaser; her legacy is preferred over general legacies; University of Pennsylvania's Appeal, 97 Pa. 187; she is the first taker, the principal object of his bounty; Watson v. Smith, 210 Pa. 190; taking under the will in lieu of her statutory rights, she stands on an equity superior even to that of a child; Finney's Appeal, 113 Pa. 11; the devise to her does not abate with other general legacies; Reed v. Reed, 9 Watts, 263.

Even, if there were doubt as to the standing of these general legacies, and conceding that payment thereof could be enforced out of personalty, they are not charges against the real estate devised to the widow. Primarily, general legacies are payable out of the personalty; only express language, or necessary implication, charges them upon the land; Shenk v. Shenk, 150 Pa. 521; a mere direction that a devisee shall pay a legacy does not create a charge on the land; Cable's

Appeal, 91 Pa. 327; deficiency of personal assets does not create an interference of the intention to charge the real estate with payment; Heathcote's Estate, 209 Pa. 522; there is no direction to sell; no necessity to sell for the purpose of carrying out the binding provision of the will; nor such a blending of personalty and real estate as to indicate an intention to charge the real estate; Duvall's Estate, 146 Pa. 176. The petition must be dismissed.

*Error assigned* was decree dismissing the petition.

*Smith H. Shannon,* for appellants.—In construing a will to determine whether or not a legacy is a charge on land, the court may and should consider the circumstances of the testator, his family, the character and value of his property, and the source from which it was obtained: Postlethwaite's Appeal, 68 Pa. 477; Earp's Will, 1 Parsons, 453; Marshall's Appeal, 2 Pa. 388; Stambaugh's Estate, 135 Pa. 585.

A legacy may be charged on land by implication. No form of words is necessary to produce the effect and when the intent is manifest courts are bound to carry it into effect: Ripple v. Ripple, 1 Rawle 386; Okeson's Appeal, 59 Pa. 99; Dickerman v. Eddinger, 168 Pa. 240; English v. Harvey, 2 Rawle, 305; Nicholas v. Postlethwaite, 2 Dallas, 131.

*John M. Freeman,* with him *D. T. Watson* and *Ernest C. Irwin,* for appellee.—The real estate is a specific devise and as such it is not subject to the payment of, and does not pro-rate with, the general legacies of the appellants: University of Pennsylvania's App., 97 Pa. 187; Harper's App., 111 Pa. 243; Ruddy's Est., 37 Pa. Super. Ct. 533.

The appellee being the widow of the decedent takes the devise of the real estate in lieu of her rights under the intestate laws, and is therefore a purchaser for a

valuable consideration and her legacy is preferred over general legacies: Reed v. Reed, 9 Watts 263; McGlaughlin v. McGlaughlin, 24 Pa. 20; Finney's App., 113 Pa. 11; Harper's Appeal, 111 Pa. 243; Risk's Appeal, 110 Pa. 176; Hummel's Estate, 161 Pa. 215; Ruddy's Estate, 37 Pa. Super. Ct. 533.

PER CURIAM, January 2, 1912:

The decree is affirmed on the opinion of Judge Miller.

---

## Parks, Appellant v. Lewis Foundry & Machine Co.

*Negligence—Master and servant—Travelling crane—Contributory negligence.*

Where an employee in a foundry who is familiar with the premises and the operation of the machinery therein, goes upon the runway of a travelling crane, which at the time is stationary, without giving the usual and proper warning to the craneman, and the crane starts and injures him before he can reach a place of safety, he is guilty of contributory negligence and cannot recover damages from his employer.

Argued Nov. 2, 1911. Appeals, Nos. 205 and 206, Oct. T., 1911, by plaintiff from order of C. P. No. 4, Allegheny Co., Third Term, 1909, No. 787, refusing to take off nonsuit in case of Thomas J. Parks, Administrator of Charles J. Parks, deceased, and Thomas J. Parks v. Lewis Foundry and Machine Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

It appeared that the suit was originally brought by Charles J. Parks by his father and next friend, Thomas J. Parks against the defendant. Charles J. Parks died during the progress of the suit.

The facts of the case are stated in the opinion of the Supreme Court.