## Loughrey's Estate.

*Wills—Construction—Advancements—Charge on land.*

1. If the intention to create a charge on land is not clear, no charge will be sustained. In doubtful cases the law leans in favor of the first taker, and all reasonable intendments are to be in his favor.

2. Where a testatrix by will devised her homestead property to her son Thomas, to be his absolutely, and further devised her residue to trustees in trust, inter alia, to distribute the same after a period of ten years equally among her children and further provided that the devise to her son, Thomas, should be considered "as an advance of sixty thousand dollars on his distributive share, as though the property devised and bequeathed to him were a part of the trust estate," there is no ground for contending that the homestead property is charged with the payment of $60,000 to the estate, although the residue was found to be less than was anticipated, and the shares of the other children were less than $60,000.

Argued Oct. 23, 1914. Appeal, No. 142, Oct. T., 1914, by Emma I. Rose and Annie L. Moore, from decree of O. C. Allegheny Co., June T., 1913, No. 247, dismissing petition for payment of legacies in Estate of Margaret C. Loughrey, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition to compel payment of legacies alleged to be charged on land under a will. Before TRIMBLE, J.

The Guarantee Title and Trust Company mortgagee of the land in question, was made a joint defendant. Further facts appear by the opinion of the Supreme Court.

The lower court dismissed the petition. Emma I. Rose and Annie L. Moore, appealed.

*Error assigned,* among others, was in dismissing the petition.

*J. R. Dickie,* of *Wishart & Dickie,* for appellants.

*George M. Harton,* with him *George P. Murray* and *John L. High,* for Thomas R. Loughrey, James D. Loughrey, Melinda J. Roberts and John M. Roberts, appellees.

*John G. Frazer,* with him *Reed, Smith, Shaw & Beal,* for Guarantee Title & Trust Co., appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

In the first paragraph of her will, Margaret C. Loughrey declared, "I devise unto my son, Thomas R. Loughrey, my homestead property on Forbes Street to have and to hold to himself absolutely." In the second paragraph she gave to the same son all of her household effects. In the third paragraph she provided that all the rest and residue of her estate should be given to trustees with power to convert all her property into money within a period of ten years; and with full authority, during that period, to invest the money and manage the trust fund. She further provided, as follows: "My trustees shall have the power to advance at any time during the continuance of the trust to any of my children hereinafter named, as much money as they deem wise and proper, keeping in view an equal distribution of my property at the end of said period; but my Trustees shall have full discretion as to the making of such advances, and any advance made to my children or any of them shall not bear interest. And in further trust that on the expiration of said period of ten years and the conversion of all the trust estate into money or securities (or at an earlier period as hereinafter set forth) there shall be a complete distribution of said estate, including the accumulation thereof, to and among my children (naming all six) share and share alike after treating the advance, if any shall be made by my trustees, as part of the distributive shares of the children receiving the same, and also considering the above devise and bequest to my son Thomas R. Loughrey as an advance of sixty thousand ($60,000) dollars on his distributive share, as though the property devised and bequeathed to him were a part of the trust estate." The advances which the testatrix authorized her trustees to make were evidently intended to be from the residuary estate, and to her children other than her son, Thomas, at least until the point of equality had been reached. In so far as he was concerned, she herself made provision for him in

the devise to him of the homestead, which as she says, was to be regarded as an advance to the extent of sixty thousand dollars. But counsel for appellants earnestly contend that the homestead property devised to Thomas R. Loughrey in the first paragraph of the will, was under the language of the third paragraph above quoted to be regarded as charged with the sum of sixty thousand dollars. It is evident that the testatrix imposed no such charge in express language. Nor is there any condition attached to the devise. Thomas was not directed to pay anything. The homestead was given to him absolutely; so were the household effects. In addition to this Thomas was to share equally with the other children in the residue. But in making the distribution the trustees were to take into consideration the advance which had been made to Thomas of the homestead, valued by the testatrix at sixty thousand dollars. In other words he was to get nothing from the distribution of the residuary estate until each of the other children had received sixty thousand dollars, or the same amount which testatrix said she had advanced to Thomas. This it seems to us, is the fair and reasonable interpretation to be placed upon the language of the will. We can see no room for an implication that the testatrix intended to charge upon the land given to Thomas any part of the deficiency in value of the residuary estate, which might be found to exist, as compared with the value which testatrix supposed it to have. Apparently she did overestimate the value of the residue. Having given to Thomas, sixty thousand dollars, if testatrix expected the final distribution among the children to be equal in value, it would mean that from the residuary estate, each of the other five children would get sixty thousand dollars, before Thomas would get anything more. But neither by reason of the preferment of Thomas, or because of an overestimate by testatrix of the value of the residuary estate, is a charge upon the homestead devised to Thomas to be implied. If the intention to create a charge upon the

land is not clear, no charge will be sustained: Duvall's Est., 146 Pa. 176; Wallace's Est., 234 Pa. 459. In doubtful cases the law leans in favor of the first taker, and all reasonable intendments are to be in his favor: Watson v. Smith, 210 Pa. 190; Jackson's Est., 179 Pa. 77. In so far as the petition in this case is concerned, there is no allegation that the assets of the trust estate were not sufficient to make an equal division among all the children after crediting the estate with a sixty thousand dollar advancement to Thomas R. Loughrey. The averment in the petition is merely, that the residuary clause of the will, should be so construed as to create a charge of sixty thousand dollars, upon the homestead property, specifically devised to Thomas. And further, that by an agreement between the residuary legatees, the sum of $12,000 was due to each of the petitioners as their share of the advancement to Thomas, which amount it was alleged was a charge upon the land devised to him. No action by the parties, can in any way have any bearing upon the action of the court in this case. The will itself was before the court for construction, and any interpretation of its terms by the legatees, could have no bearing, when the court was endeavoring to ascertain the meaning of what testatrix said. It was the business of the Orphans' Court to interpret the will. It had before it, as we have, only the will itself, for consideration. Counsel for appellants do not however stand in any way upon the agreement between the parties, but they urge that the charge upon the land was testamentary in character. But as we have already said, there is in the will no express charge upon the land, and no condition is imposed upon the devise to Thomas; nor do we find anything in the will, which would justify the sustaining of a charge upon the land by implication.

The assignments of error are all overruled, and the decree of the Orphans' Court is affirmed.