## Tillia's Estate.

*Wills—Legacy not charged on land—Devise—Intention.*

1. A legacy is not charged on land unless by express words or by something in the language of the will to which the court can point with certainty and say that it was the intention of the testator to create a charge.

2. A mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge upon the land devised.

3. An intention to charge a legacy upon land cannot be inferred from the mere fact that testator had no personal property.

Petition to compel payment of a legacy out of lands devised by testator's will. O. C. Lawrence Co., Dec. T., 1917, No. 54.

*Samuel L. Clark* and *J. W. Rhodes,* for petitioner.

*Martin & Martin,* for William U. G. Tillia, respondent.

*William J. Uber,* for W. L. Schaffer, respondent.

*J. V. Cunningham,* for executor.

EMERY, P. J., March 6, 1922.—This case arises upon petition of Jane Cole, formerly Jane Tillia, for an order or decree to compel the payment of a legacy

of $300 out of the lands devised to William U. G. Tillia by his father, Peter Tillia, deceased.

Peter Tillia died on April 14, 1897, and by his last will and testament dated Aug. 11, 1896, probated April 21, 1897, and recorded in the office of the Recorder of Deeds in and for Lawrence County, in Will Book, vol. 6, page 17, he provided as follows in the second clause of his will: "Item: To my son, William U. G. Tillia, I will, devise and bequeath the sum of one thousand dollars in addition to the farm he now occupies and resides upon deeded to us jointly. My son, William U. G. Tillia, to pay to my daughter, Jane Tillia, the sum of Three Hundred Dollars within a year from the date of my death."

In the fifth clause of his will he provided as follows: "Fifth: None of the legacies or bequests before enumerated to any of my children are to vest or become due or payable to them until after the death or marriage of my said wife, Clarinda Tillia."

Clarinda Tillia died on July 29, 1917. The farm upon which William U. G. Tillia resides is situate in Shenango Township, Lawrence County, Pennsylvania, and owned jointly by him and his father, Peter Tillia, and contains eighty-one acres and sixty-one perches. The only question for our consideration now is: Was the legacy of $300 to Jane Tillia a charge upon the one-half interest in this farm devised to William U. G. Tillia by his father, Peter Tillia? If not, then the proceedings in this case must be dismissed.

It is a well-settled principle of law in this State that a mere direction by the testator that a devisee shall pay a legacy does not thereby create a charge on land. Something more is necessary. There must be either express words creating the charge or the intention of the testator to make the legacy a charge upon the land must arise by necessary implication from the whole will. Here it must be conceded there are no express words creating the charge. Is there a charge, however, necessarily implied from the words following the devise to William U. G. Tillia? "My said son, William U. G. Tillia, to pay to my daughter, Jane Tillia, the sum of Three Hundred Dollars within a year from the date of my death."

In our opinion, the words do not indicate more than an intention that if the devise should be accepted by William he should be personally liable to pay this legacy. There is no connection between the devise and the legacy except that they are in the same paragraph and indicate an intention upon the part of the testator to have William pay to Jane the amount of the legacy.

It is nothing more than a mere direction to pay. And an examination of the whole will does not disclose anything from which it can be inferred that it was the intention to make this legacy to Jane a charge upon the land devised to William. The testator did say in the will, after devising to his two sons, Louis and Charles Tillia, "as a charge on the gifts and bequests to my sons Charles and Louis Tillia, I direct that each of them pay one-half of the funeral expenses of myself and my beloved wife, Clarinda Tillia, after her death." He also devised to his son, Charles Tillia, part of his homestead farm, and directed him to pay certain legacies to his daughters, and then provided that these legacies should "remain and be a charge on the land out of which it is payable until fully paid by me during my lifetime, or my sons after my death."

From this it is apparent that the testator knew well how to charge a legacy on land when such was his intention. And the inference is that the testator did not intend the legacy to Jane of $300 to be charged on the lands devised to William, or he would have so directed: Montgomery v. McElroy, 3 W. & S. 370; Mellon's Appeal, 46 Pa. 165.

Tillia's Estate.

"As a general rule, the personal estate is not only a primary but the exclusive fund for the payment of legacies, and this conclusion cannot be repelled by showing that the testator had no personal estate when the will was executed, and must, therefore, have intended that the legacies should come out of the real estate. . . . While the intention to charge lands with the payment of legacies need not be declared in express terms, it must be disclosed by the will itself, and cannot be inferred from the mere fact that at the time of its execution the testator owned no personal estate:" Duval's Estate, 146 Pa. 176.

There is nothing in this case showing what personal estate, if any, the testator had at the time of executing the will, or at the time of his decease, but assuming that he had none, it still would not lead to the inference that he intended it [the legacy] to be a charge upon the land devised to William.

A review of all the cases clearly shows that a legacy to be a charge on the land must be charged by terms express or implied from the entire will. There must be something more than a mere gift of the bequest to denote an intention that it should be paid out of the land.

A devise of land to a son David, followed by the clause "and my son David must after my wife's death pay my daughter twelve hundred dollars as follows," &c., was held not to be a charge on the land: Schmehl's Appeal, 8 Atl. Repr. 874.

After a devise of certain lands to his son Carrick, testator directed immediately following: "I charge my son Carrick with the sum of one thousand dollars to be paid in the following manner," &c., and also devised certain lands to his son Richard, following with this clause: "I charge my son Richard with the sum of Five Hundred Dollars to be paid in manner following:" it was held that the legacies were not charges upon the lands devised: Van Vliet's Appeal, 102 Pa. 574.

A devise of lands to a son in the following words, "I give and bequeath unto my two sons John and Edward Cable all my farm . . . but they, the said John and Edward Cable, is to pay to my four daughters," &c., was held not to create a charge on the land devised: Cable's Appeal, 91 Pa. 327.

Here we are asked to declare the legacy in this case a charge on the land, and yet we find nothing in the clause creating the bequest itself, nor anything in the language in the will, to which we can point with certainty and say that it was the intention of the testator to create a charge.

It was said by Rogers, J., in Hackadorn's Appeal, 11 Pa. 86: "If the testator designs to charge his estate, it is easy to do so in direct terms, as he can convey his meaning in such clear and unambiguous manner as to show no doubt of his intention. It is far better that legatees should occasionally encounter the hazard of loss than that estates should be trammeled with doubtful liens and uncertain encumbrances. In the examination of such questions we must lose sight of the hardship, as it is called, the equity of the particular case, and have regard to the general scope and policy of the law."

We are satisfied there is nothing in the entire will from which it can be inferred that it was the intention of the testator to make the legacy to Jane of $300 a charge on the land devised to William, and, for that reason, the Orphans' Court cannot entertain the matter in controversy, and the proceedings instituted for that purpose are dismissed.

And now, March 6, 1922, the proceedings instituted by Jane Cole, formerly Jane Tillia, to have her legacy for $300 decreed to be a charge on the land devised to William U. G. Tillia by his father, Peter Tillia, are hereby dismissed.                    From William McElwee, Jr., New Castle, Pa.