## Timothy's Estate.

*Wills — Construction — Specific devises—Pecuniary legacies—Charges on land—Ademption—Wills Act of June 7, 1917.*

1. Under a bequest to the widow of all testator's estate, real, personal or mixed, "excepting all monies now in the savings bank or elsewhere," followed by pecuniary legacies, the gift to the widow is specific, and if testator left no "monies in the savings bank or elsewhere," the pecuniary legacies are adeemed.

2. Section 17 of the Wills Act of June 7, 1917, P. L. 403, has no application to such a case.

Petition and answer. O. C. Phila Co., Oct. T., 1925, No. 3585.

*Alexander Meigs Haig* and *Michael Francis Doyle,* for petitioner.

*James P. McCormick* and *Vincent A. Carroll,* contra.

THOMPSON, J., Jan. 22, 1926.—John Timothy died Feb. 26, 1924, leaving a will dated Feb. 21, 1922, the material parts of which are:

"Second. I give, devise and bequeath unto Catharine Timothy my beloved wife all my estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease; excepting all monies now in the Saving Bank or elsewhere.

"1st. I bequeath to Michael Timothy my beloved brother $100.00.

"2nd. I bequeath to Bridget Reynolds my beloved sister $300.00.

"3rd. I bequeath to Catharine Timothy my beloved sister $300.00."

Testator left no "monies now in the Saving Bank or elsewhere," and his estate consisted of two properties, Nos. 1717-23 South Mole Street, this city.

Petitioner, who was one of the legatees under said will, prays the court to direct the devisee of said real estate to pay her legacy, or failing so to do, to

direct the sale of said real estate for the payment thereof, claiming that her legacy is a lien thereon, her petition being filed under section 25 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447. The petition avers that all debts and expenses have been paid. The answer of the devisee, after admitting the material averments of the petition, avers that the legacy of petitioner is payable only out of "monies now in the Saving Bank or elsewhere," and that the devise to her was specific, and, therefore, section 17 of the Wills Act of June 7, 1917, P. L. 403, has no application; said section being as follows: "Section 17. All pecuniary legacies contained in any will shall be charged upon and payable out of any real estate not specifically devised where the personal estate is insufficient for their payment, or where the personal estate, though originally sufficient, has been wasted or misapplied by the executor, unless a contrary intention shall appear by the will."

The gift to the widow is clearly specific. In Wallace's Estate, 234 Pa. 459, in the opinion of Judge Miller, of Allegheny County, affirmed by the Supreme Court, it is said:

"The bequests to the widow of household goods, furniture, jewelry, monies, stocks and real estate are specific and absolute. Having thus given her all his real estate, he expresses a desire that the general legacies shall be paid out of his estate, not out of what he had previously given her. This remaining estate not devised was his interest in the partnership; it is what he had reference to in the language 'balance of my estate and share in business;' after the legacies were paid therefrom what was left should in addition go to his widow; this does not change the absolute devise to her of the estate previously given; these legacies were to be paid, if binding, out of the balance of his estate not otherwise given.

"The devise of the real estate to the widow vested in her as a purchaser; her legacy is preferred over general legacies: University of Pennsylvania's Appeal, 97 Pa. 187; she is the first taker, the principal object of his bounty: Watson v. Smith, 210 Pa. 190; taking under the will in lieu of her statutory rights, she stands on an equity superior even to that of a child: Finney's Appeal, 113 Pa. 11; the devise to her does not abate with other general legacies: Reed v. Reed, 9 Watts, 263.

"Even if there were doubt as to the standing of these general legacies, and conceding that payment thereof could be enforced out of personalty, they are not charges against the real estate devised to the widow. Primarily, general legacies are payable out of the personalty; only express language or necessary implication charges them upon the land: Shenk v. Shenk, 150 Pa. 521; a mere direction that a devisee shall pay a legacy does not create a charge on the land: Cable's Appeal, 91 Pa. 327; deficiency of personal assets does not create an inference of the intention to charge the real estate with payment: Heathcote's Estate, 209 Pa. 522; there is no direction to sell, no necessity to sell for the purpose of carrying out the binding provision of the will, nor such a blending of personalty and real estate as to indicate an intention to charge the real estate: Duvall's Estate, 146 Pa. 176." See, also Gruner's Estate, 29 Dist. R. 1095.

The testator, after giving everything to his widow but "monies now in the Saving Bank or elsewhere," must have intended that the pecuniary legacies given by him should be paid out of such moneys, as there was no other estate out of which they could be paid. Therefore, there being no "monies in the Saving Bank or elsewhere" at the time of his death, the legacies are adeemed.

The petition is, therefore, dismissed.

LAMORELLE, P. J., did not sit.