# Penrose's Appeal.

A testatrix directed her executors to sell her residuary estate, and pay the proceeds to a trustee, who was required to "invest or put on interest" the moneys so received. She further provided:—"The annual interest accruing from the money thus placed 'at interest, after the payment of all necessary expenses, I give and bequeath to my grand-daughter, Sarah Ellen Wily, to be paid to her, by my trustee, on or about the first day of the fourth month in each and every year, after she shall arrive at the age of twenty-one years." The testatrix further directed that on the death of her said grand-daughter "the whole of her estate then remaining" should be divided as in her will set forth: *Held*, that the grand-daughter, on attaining her majority, was entitled to receive from the trustee all the income which had accumulated during her minority; and that it was not the intention of the testatrix that the accumulated income should at the granddaughter's majority be added to the corpus of the trust estate, and the granddaughter thereafter receive the interest on the whole.

March 1st 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Appeal from the Orphans' Court of *Berks county :* Of January Term 1883, No. 340.

Appeal by Thomas Penrose et al., residuary legatees under the will of Phœbe Wright deceased, from an order of said court in the matter of the distribution of a fund in the hands of Thomas Lightfoot, trustee under the will of said testatrix.

The question was whether it was the intention of the testatrix that the income which accumulated on a certain trust estate during the minority of her granddaughter should belong to said granddaughter on her attaining her majority, or whether said interest should be then capitalized as part of the corpus of the trust estate.

The following are the material clauses of the will of said testatrix, proved February 10th 1869.

"*Fourth.*—The balance of my estate remaining after the payment of my funeral expenses and just debts, I direct my executors to pay to my trustee hereinafter named whose receipt in full shall discharge them from all liability for the same.

"*Fifth.*—I direct my trustee to invest or put on interest on goods and sufficient security all monies coming into his hands on account of my estate in trust, and to collect, change and reinvest the same from time to time as may become necessary or expedient.

"*Sixth.*—The annual interest accruing from the money thus placed at interest, after the payment of all necessary expenses, I give and bequeath to my granddaughter, Sarah Ellen Wily, to be paid to her by my trustee on or about the first day of the

fourth month in each and every year after she shall arrive at the age of twenty-one years.

"*Seventh.*—At the death of my said granddaughter, I direct the whole of my estate then remaining to be divided among her children (should she leave any), share and share alike, and should she die. without issue then I give and bequeath the same to my brothers Thomas Penrose, Joseph Penrose, and my sisters Mary Lee, Sarah Lee and Ellen Penrose, share and share alike, and in case of the death of any of them, it is my will that my estate shall then be divided according to the intestate laws of the State of Pennsylvania among those living and the children of those deceased."

At the testatrix's death the said Sarah Ellen Wily was about eight years of age. After she attained her majority the trustee under the will filed his account, in which he charged himself with $5,320, capital, received by him from the executors, November 16th 1872, and with interest accumulated thereon to January 10th 1881, $3,076.69. The auditor to whom the account was referred for audit and distribution (William P. Bard, Esq.) awarded the net balance of said accumulated interest after deducting expenses, commissions, &c. viz. : the sum of $1,866.94 to Sarah Ellen Wily, and directed that the original capital, viz. $5,320, should remain in the hands of the trustee for the purposes of the trust.

Exceptions were filed to the auditor's report, by Thomas Penrose and others, residuary legatees, on the ground that the auditor erred in distributing the said interest to Sarah Ellen Wily, instead of directing it to remain in the trustee's hands as part of the corpus of the trust estate. The court, in an opinion by HAGENMAN, P. J., dismissed the exceptions and confirmed the report, whereupon the exceptants took this appeal, assigning for error the dismissal of their exceptions and the confirmation of the report.

*S. M. Meredith* (*D. & J. N. Ermentrout* with him), for the appellants.

*Garrett B. Stevens*, for the appellee.

Chief Justice MERCUR delivered the opinion of the court, March 12th 1883.

The testator directed his executors to sell his whole residuary estate, and to pay the proceeds to the trustee named. The latter was directed "to invest or put at interest" all moneys thus received and to change and reinvest the same from time to time. The testator gave to his granddaughter, the appellee, the annual interest on the whole sum thus placed

at interest, and directed the same to be paid to her by his trustee.   There is no devise of the interest to the trustee nor direction to him to capitalize it.   It is true the interest is not to be paid over to her until she arrives at the age of twenty one years ; but it vested in her as it accrued.   In the meantime the trustee was not to consolidate it with the original fund but to take care of it for her until the time of payment arrived.   There was no devise of the interest to any other person.   Nothing less than a clear expression of the testator's will, would take from his granddaughter the interest thus devised to her and pass it over to more distant and collateral heirs.   She is not only in the direct line of descent : but is the principal object of the testator's bounty.

We discover no such ambiguity in the language of the will, as to thwart the manifest intent of the testator, to give the whole interest to the appellee.

> Decree affirmed and appeal dismissed at the costs
> of the appellant.