201        543
e 26 SC ¹451
e 26 SC ¹457

## Abel *v*. Abel, Appellant.

*Will—Exclusion of heirs—Life estate.*

Nothing less than express devise or necessary implication will exclude an heir. Where the meaning of a devise is uncertain the law will adhere as closely as possible to the general rules of inheritance and whosoever claims against the law of descent must show a satisfactory written title.

Testator by his will directed that a house and lot particularly described should be sold, and that his son W., should receive a specified portion of the proceeds. By a codicil he revoked this provision of his will and directed that his son W., " shall have possession of said property during his life, he to pay all the expenses of keeping the property in repairs with

the taxes appertaining thereto, and at his death the property to be sold for the benefit of the heirs." *Held,* (1) that the words "the heirs" referred to the testator's heirs; (2) that the son W. took a life estate only; (3) that upon W.'s death, testator's executors were entitled to sell the property.

Argued Jan. 7, 1902. Appeal, No. 157, Jan. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 105, on verdict for plaintiff in case of Charles Abel, executor of William W. Abel, Deceased, v. Hannah Abel. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for premises 2122 Van Pelt street in the city of Philadelphia.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*De Forrest Ballou,* for appellant, cited: Cockins's App., 111 Pa. 26; Barrett's App., 104 Pa. 342; Reimer v. Reimer, 192 Pa. 571; Jackson's Est., 179 Pa. 77; Woelpper's App., 126 Pa. 562; Woods's App., 18 Pa. 481.

*Charles H. Pile,* for appellee, cited: Bender v. Dietrick, 7 W. & S. 284; Rupp v. Eberly, 79 Pa. 141; Hitchcock v. Hitchcock, 35 Pa. 393; Fitch v. Weber, 6 Hare, 51; Cowles v. Cowles, 53 Pa. 175; Crosby v. Davis, 2 Clark, 403; Heck v. Clippenger, 5 Pa. 385.

Opinion by Mr. Justice Potter, February 24, 1902:

The will of William W. Abel executed in April, 1892, contained the following clause: "I do hereby will and bequeath that my real estate situated on the west side of Van Pelt street north of Diamond, known as 2122 Van Pelt street, shall be sold, my son Wm. H. to receive Twenty-five Hundred Dollars ($2,500) of the proceeds hereof."

The following codicil was afterwards added: "All that ar-

ticle relating to property known as 2122 Van Pelt is hereby annulled, and it is my will that my son William shall have possession of said property during his life, he to pay all expenses of keeping the property in repairs with the taxes appertaining thereto, and at his death the property to be sold for the benefit of the heirs."

The two sons of the testator, William H. and Charles, were appointed executors of his will. It appears from the record that William H. Abel occupied the premises in dispute as long as he lived, and that he died on March 13, 1899, leaving to survive him a widow, Hannah Abel, and also three children, by a former wife.

The surviving executor of the will of William W. Abel then requested of Hannah Abel, the widow of William H. Abel, possession of the property for the purpose of making sale. . This being refused under claim of title, an action of ejectment was brought in the court below, wherein Charles Abel, the surviving executor of William W. Abel, deceased, was the plaintiff and Hannah Abel was the defendant. Upon the trial, the court directed a verdict for the plaintiff, and judgment was duly entered thereon, from which this appeal was taken.

We think it is clear that the testator intended that his son William was not to have an estate in fee, but was to have a life estate only, in the property. And that when the testator directed that at the death of his son William, the property should be sold for the benefit of " the heirs," he meant his own heirs.

This view seems to be in harmony with that taken in Baskin's Appeal, 3 Pa. 304, where the expression used, was " all the heirs."

The construction for which the appellant contends cannot therefore be maintained. If it were, the effect would be to exclude the testator's son Charles from any share in the estate. We do not find in the will any clear evidence of any such intention, and nothing less than express devise, or necessary implication will exclude an heir. `Where the meaning of a devise is uncertain, the law will adhere as closely as possible to the general rules of inheritance, and whosoever claims against the law of descent must show a satisfactory written title : Grim's App., 89 Pa. 335.

We see nothing in the case which required submission to the

jury, nor do we find any error on the part of the learned trial judge in overruling defendant's offers of testimony, or in the refusal of defendant's points.

The assignments of error are all overruled, and the judgment is affirmed.