# Schnader's Estate.

*Wills—Accumulations—Minority of granddaughter—Trusts and trustees.*

Where a testator devised real estate to a trustee to pay the rents, issues, income and profits to a granddaughter, or her lawful issue annually during her natural life, payment to commence "upon her or her said issue attaining the age of twenty-one years," the granddaughter on attaining her majority is entitled to receive absolutely all of the income that had accumulated during her minority.

Argued Feb. 26, 1912. Appeal, No. 167, Jan. T., 1911, by Milton H. Schnader, from decree of O. C. Berks Co., Dec. T., 1910, No. 21, dismissing exceptions to adjudica-

tion in Estate of Davis C. Schnader, deceased. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Jacob C. Schnader by a codicil to his will directed as follows:

Item: I give devise and bequeath to my Son Milton H. Schnader his heirs and assigns the following mentioned real and personal Estate, in trust

One two Story Brick house and lot of ground on tenth Street No. 250

One two Story Brick House and lot of ground on the South eleventh St. No. 232

One two Story Brick house and Lot of ground on the South side Muhlenburg St. No. 952

One two Story Brick house and Lot of ground on the North side of Cotten Street No. 951 he to pay the rents, issues, income and profits thereof to my granddaughter Maud Bachman or to her lawful issue annually for and During her natural life the Same to commence upon her or her Said issue attaining the age of twenty one years. Provided nevertheless that Said mentioned real and personal property may be transferred and conveyed in fee Simple to my Said grandaughter or to her Said issue by Said trustee whenever in his Judgment and discretion and with the consent of my wife, he Shall deem it expedient and prudent to, Do, So, and provided also that in the event of the death of my Said granddaughter without Leaving Lawful issue, I Devise and bequeath Said real and personal property to my Son Milton H. Schnader his heirs and assigns

The granddaughter, S. Maude Bachman, having reached the age of twenty-one years was awarded the accumulations of income which had accrued during her minority.

Exceptions to the adjudication were dismissed by the court in an opinion by BLAND, P. J.

Assignment of Error—Opinion of the Court.   [235 Pa.

*Error assigned* was the decree of the court.

*Charles T. Tyson,* with him *William J. Rourke,* for appellant.—The distribution of the surplus was erroneous: Weinman's Est., 223 Pa. 508; Wright's Est., 227 Pa. 69; Roney's Est., 227 Pa. 127; Washington's Est., 75 Pa. 102.

*Isaac Hiester,* for appellee.—The income vested in the granddaughter as it accrued, though not payable to her until she arrived at the age of twenty-one years, and the case in all respects resembles Penrose's App., 102 Pa. 448.

OPINION BY MR. JUSTICE ELKIN, March 18, 1912:

The fund for distribution represents the income from real estate accumulated during the minority of the beneficiary who was living at the time of the death of the testator. It was not an unlawful accumulation of income under the act of 1853 because this act did not forbid an accumulation for the benefit of a minor during an existing minority. The provision for accumulation in the will of the testator during the minority of his granddaughter is not forbidden by the act and is clearly within the exception to the general rule. We entirely agree with the contention of the learned counsel for appellee, that the income vested in the beneficiary, as it accrued, although it was not payable to her until she arrived at the age of 21 years. The corpus was real estate devised in trust primarily for the benefit of the granddaughter. The trustee was required to pay the rents, issues, income and profits to the granddaughter, or her lawful issue, annually, during her natural life, payment to commence "upon her or her said issue attaining the age of twenty-one years." She has attained the age of 21 years and the trustee is accounting for the income accumulated during her minority. The clear intention of the testator was to give the income to

the granddaughter if living at that time, and if not then living her lawful issue were to take as beneficiaries. This case in principle is on all fours with Penrose's Appeal, 102 Pa. 448. For the purposes of the present case it is unnecessary to consider the numerous questions raised by the thirty assignments of error set out in the paper book of appellant. We are dealing with the account of the trustee and the fund for distribution represents accumulated income. There is no other question properly before the court. The testator directed this income to be paid to the granddaughter and she is in court demanding it. The auditing judge directed that she should have it and this disposition of the fund is so clearly right as to make elaborate discussion unnecessary. The facts warranted the surcharge of interest and there is nothing in the record to justify a reversal on this ground.

The title to the real estate is not involved in this proceeding and we do not therefore pass on it. That question, if it be one, can be raised by the proper parties in a proper proceeding.

Decree affirmed at the cost of appellant.