## MARYLAND CASUALTY CO. v. REPASS (two cases).

(Circuit Court of Appeals, Fourth Circuit.    April 19, 1918.)

### Nos. 1610, 1611.

1. SUBROGATION ⟨⟩7(1)—RIGHTS OF SURETY—PAYMENT OF DEBT.
    It is a general rule that a surety on payment of the debt is entitled
    to all the collaterals, securities, and other protection held by the prin-
    cipal creditor, to whom the debt is paid, emanating from the principal
    debtor, for whom the debt is paid.

2. SUBROGATION ⟨⟩31(3)—PAYMENT OF DEBT BY SURETY—RIGHT TO ASSIGN-
    MENT OF SECURITIES.
    Unless in exceptional circumstances, the surety on a supersedeas bond
    given pending proceedings in error to reverse a judgment, on payment
    of the judgment after affirmance is entitled to an assignment of the
    same, where necessary to its efficient and prompt enforcement against
    the judgment defendant.

3. APPEAL AND ERROR ⟨⟩1244—SUIT BY SURETY ON SUPERSEDEAS BOND—
    PARTIES.
    A judgment defendant is not a necessary party to a suit by the
    surety on his supersedeas bond brought after affirmance of the judg-
    ment to enjoin prosecution of an action on the bond by the judg-
    ment plaintiff.

Appeal from and in Error to the District Court of the United
States for the Western District of Virginia, at Roanoke; Henry Clay
McDowell, Judge.

Suit by the Maryland Casualty Company against Sallie C. Repass,
administratrix of the estate of Charles Repass, deceased.    Decree
for defendant, and complainant appeals.    Reversed.

Action by Sallie C. Repass, administratrix, against the Maryland
Casualty Company and the Big Vein Pocahontas Company.    Judg-
ment for plaintiff, and the Casualty Company brings error.    Reversed.

D. Lawrence Groner, of Norfolk, Va., for appellant and plain-
tiff in error.

William H. Werth, of Tazewell, Va., for appellee and defendant
in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, Dis-
trict Judge.

SMITH, District Judge.    These two causes, although brought up,
one by a writ of error, and the other by an appeal, yet as involving
the same facts, and between the same parties, and dependent upon
the same rule of law, were heard together.    The facts are, that at
the March term, 1916, the appellee, Sallie C. Repass, administratrix
of the estate of Charles M. Repass, obtained a judgment in the Dis-
trict Court of the United States for the Western District of Virginia,

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for $7,000, with interest and costs. This judgment was obtained in an action against the Big Vein Pocahontas Company, as the sole defendant, to recover damages for the death of Charles M. Repass, an employé of that company. The Big Vein Pocahontas Company took out a writ of error from this court to that judgment, and in order to supersede execution thereof, filed its bond in an amount approved by the presiding judge of the District Court, with the Maryland Casualty Company, the appellant herein, as the surety on that supersedeas bond. The writ of error came on to be heard in this court, which affirmed the judgment of the lower court, and the mandate of this court affirming that judgment was duly certified and sent to the court below. The Big Vein Pocahontas Company, however, refused to pay the judgment, and the said Sallie C. Repass, as administratrix, thereupon, in lieu of issuing and enforcing execution on the judgment, demanded that the Maryland Casualty Company, the surety on the supersedeas bond, pay the judgment. Thereupon the Maryland Casualty Company, as surety on the supersedeas bond, tendered to Mrs. Sallie C. Repass the amount of the judgment, interest, and costs, and demanded that upon the payment thereof the said Sallie C. Repass as administratrix should assign the judgment to the Maryland Casualty Company, such assignment to be without recourse upon said Sallie C. Repass; but she refused to receive the money tendered on that condition, although the amount tendered was in full of everything she could claim under the judgment, and refused to execute an assignment; and on the 22d of March, 1917, the said Sallie C. Repass filed her declaration in a new action at law in the District Court of the United States for the Western District of Virginia against both the Big Vein Pocahontas Company and the Maryland Casualty Company, asking for judgment against them upon the supersedeas bond.

To this declaration the Maryland Casualty Company filed two special pleas. In the one plea it set up that it had requested the plaintiff Sallie C. Repass, administratrix, to issue her execution and levy the same on the property of the defendant the Big Vein Pocahontas Company, but that Sallie C. Repass had refused and continuously refuses to do so. The second plea was to the effect that the Maryland Casualty Company as surety on the supersedeas bond had theretofore tendered to Sallie C. Repass, administratrix, the amount of the judgment, interest, and costs, on condition that the judgment aforesaid and the lien thereof and all right of action thereunder by suit, execution, or otherwise be assigned to the Maryland Casualty Company without recourse against the said Sallie C. Repass, but that the said Sallie C. Repass had refused to make the assignment. On the 20th day of November, 1917, the cause having come on to be heard upon the declaration and these two pleas, the court below struck the pleas from the file, and adjudged that the plaintiff recover of the defendants jointly and severally the amount due under the supersedeas bond. In the meantime, viz. on the 28th of June, 1917, the appellant, the Maryland Casualty Company, filed its proceeding in equity against the said Sallie C. Repass, administratrix, to enjoin

and stay the proceedings in the action instituted by her upon the supersedeas bond, on the ground that the Maryland Casualty Company was entitled as surety under the supersedeas bond if it paid the judgment in full to have the benefit by way of assignment of the original judgment against the Big Vein Pocahontas Company, which had been recovered by Sallie C. Repass, as administratrix, and to secure the payment of which the supersedeas bond was given, on which bond the Maryland Casualty Company was only a surety; that it was entitled to have this assignment, and that the court should decree that Mrs. Repass should receive the amount she was entitled to under the judgment, and execute and deliver to the Maryland Casualty Company an assignment of the judgment, and that any further proceeding in the action at law under the supersedeas bond should be enjoined.

When this bill was filed, an order was made in the court below on the same day restraining the law action until the further order of the court. On the 19th of September, 1917, after a hearing, the District Court ordered that the bill of complaint be amended by making the Big Vein Pocahontas Company a party defendant, and the said bill was so amended, and the answer of Sallie C. Repass filed to the amended bill. Sallie C. Repass in her answer practically admits the facts stated in the bill, but alleges that she was informed that there was a contract of indemnity or insurance which existed and was in force between the Maryland Casualty Company and the Big Vein Pocahontas Company, by which the Maryland Casualty Company undertook to protect and insure the Big Vein Pocahontas Company against liability in actions against it seeking to recover damages for the injury or death of its employés, which was the cause of action sued on, and upon which the original judgment against the Big Vein Pocahontas Company was recovered; that there was a controversy existing between the Big Vein Pocahontas Company and the Maryland Casualty Company, in which the Big Vein Pocahontas Company contended that the Maryland Casualty Company was liable by virtue of the contract of indemnity between them for the payment of the whole of the judgment, and that those parties intended to litigate that matter between them, and that the plaintiff was advised that it was not proper for her to intervene in that controversy by giving an assignment of the judgment to one of the parties whereby it might obtain a supposed advantage over the other. The Big Vein Pocahontas Company was duly served, and thereupon made a motion to dismiss the bill of complaint upon the ground that it appeared upon the face of it that the District Court for the Western District of Virginia was without jurisdiction to hear and determine the matters therein set forth, because the proceeding was not brought in the district of the residence of either the plaintiff or defendant, and next that it appeared upon the face of the bill that the Maryland Casualty Company was primarily bound or obligated to pay a portion of the judgment.

At the same time the defendant Sallie C. Repass, administratrix, also made a motion to dismiss the bill of complaint, and upon hearing both motions the District Court on the 20th of November, 1917,

made a decree dismissing the complainant's bill as amended as against Sallie C. Repass, administratrix. The decree provided, second, that said bill having been dismissed as to Sallie C. Repass, it should also be dismissed as to the Big Vein Pocahontas Company, solely on the ground that, Sallie C. Repass having been dismissed, that left the proceeding in equity existing only as between the Maryland Casualty Company, a citizen of Maryland, and the Big Vein Pocahontas Company, a citizen of West Virginia, and the district in which the bill was filed being the residence neither of the complainant nor of the defendant, as the proceeding then existed, the bill should be dismissed for want of jurisdiction. From this decree of the District Court this appeal has been taken.

[1] The general rule of law is that the surety upon payment of the debt is entitled to all the collaterals, securities, and other protection held by the principal creditor to whom the debt is paid, emanating from the principal debtor for whom the debt is paid. In this case the debt is really the original judgment recovered in the action at law by Sallie C. Repass, administratrix, against the Big Vein Pocahontas Company in March, 1916. These two were the only parties to that action at law. The Maryland Casualty Company was not a party to it. Nor was it bound as a party by the judgment recovered in that action. After this judgment had been recovered the Big Vein Pocahontas Company took out a writ of error from this court, and for the purposes of that writ of error it filed a supersedeas bond upon which the Maryland Casualty Company was the surety. There can be no doubt that the Maryland Casualty Company on that bond was merely the surety; it was not a party to the action at law; no judgment had been recovered against it; the rule and practice of law requires that a supersedeas bond should be given with sufficient surety, and the bond in this case for a supersedeas was given by the Big Vein Pocahontas Company as the principal, with the Maryland Casualty Company, as surety. When this judgment was finally affirmed, and the mandate from this court was sent to the District Court, it became absolute. It is alleged in the amended bill of complaint herein that the Big Vein Pocahontas Company is solvent, and had, within the jurisdiction of the District Court for the Western District of Virginia, ample property both real and personal for the payment of the judgment, which property was susceptible of levy and execution. This allegation is in no way controverted upon the face of the pleadings as heard by the District Judge below, and as they appear in this court, and must be taken to be admitted. It would seem, therefore, that the natural and ordinary and quickest method of proceeding would have been for the appellee Sallie C. Repass, to have issued execution upon the final judgment against the Big Vein Pocahontas Company she held as made absolute by the decree and mandate of this court, and collected the money to which she was entitled thereunder, by the enforcement of this execution on the property of the Big Vein Pocahontas Company. It is rather difficult to understand why this was not done.

It is contended by the counsel for the appellee, Mrs. Repass, that she had her option to issue execution against the principal judgment

debtor, or enforce her supersedeas bond, and that being informed that the principal judgment debtor would object to the enforcement of the execution and resist it, and from fear of any litigation that would result therefrom, he preferred for his client to begin an entirely new action at law upon the supersedeas bond to recover judgment against both the Big Vein Pocahontas Company, and the Maryland Casualty Company. He already had judgment against the Big Vein Pocahontas Company, and therefore no action on the supersedeas bond would as against that company by any judgment he could recover, improve the position of Mrs. Repass. The only object of that proceeding could have been to obtain judgment against the Maryland Casualty Company in addition to the judgment he already possessed against the Big Vein Pocahontas Company. Inasmuch as it is admitted that the Big Vein Pocahontas Company was quite able to respond to the execution if levied at once, this new action at law would seem to be a very circuitous method taken for the purpose of collecting the amount due on the original judgment. However that may be, the Maryland Casualty Company thereupon tendered the entire amount due under the original judgment, and simply asked that an assignment of that judgment be made to it. Under the general rule of law upon the payment of the original judgment the Maryland Casualty Company as surety would have been entitled to be subrogated in equity to the position of Mrs. Repass as the judgment creditor under the original judgment. Mrs. Repass alleges that the asking of the assignment was an unnecessary and useless condition because if the Maryland Casualty Company was really a surety (which she intimates was not the case), then by payment alone without any written assignment that company would become in equity entitled by way of subrogation to the benefit of the judgment. So far as Mrs. Repass was concerned the Maryland Casualty Company held no relation to her, except that of surety on the supersedeas bond. Her very action at law against it is predicated on its liability under that bond, and any supposed equities between the Maryland Casualty Company and the Big Vein Pocahontas Company upon a wholly different instrument with which she had nothing to do were no concern of hers.

The Maryland Casualty Company, however, sets up as special reasons why it needed a legal assignment that the judgment could only have the force of a lien if it was properly transcripted and entered in the county in which the property of the Big Vein Pocahontas Company was situate, and furthermore that, unless execution was issued under the law of Virginia within a limited time, no such lien could be procured; that in order that the Maryland Casualty Company should retain to itself the benefit of the lien to which this judgment was entitled, and the power of issuing execution thereunder, it was necessary to have some legal right to transcript and record the judgment, and issue execution and obtain a lien, which could not be obtained within the time that would be required upon a bill filed in equity to compel assignment or obtain consequent subrogation. The assignment asked of Mrs. Repass was an assignment which would leave the assignee without any right to recourse upon Mrs. Repass, and which in effect could only pass to the assignee

the Maryland Casualty Company, such rights as Mrs. Repass held under the judgment, and only such rights as the Maryland Casualty Company would have the power to enforce as against its principal, the Big Vein Pocahontas Company. If the assignment were made and the Maryland Casualty Company undertook to enforce the execution, it would be quite competent for the Big Vein Pocahontas Company to file a proceeding in equity setting up any equitable grounds as it might possess, which should operate to prevent an enforcement of this judgment against it as in favor of the Maryland Casualty Company, and upon such equitable grounds being drawn to the attention of the court of equity it could stay the enforcement of the judgment in the hands of the Maryland Casualty Company until the equitable controversy existing between the Maryland Casualty Company and the Big Vein Pocahontas Company was settled, retaining, however, to the Maryland Casualty Company, until it was settled, all the rights and liens to which it would be entitled as the holder of the judgment paid by it, if the decree in the equity cause, if brought by the Big Vein Pocahontas Company, should be that the Maryland Casualty Company was entitled to retain and enforce the judgment.

With this equitable controversy between these two Mrs. Repass had nothing to do; she avers that she is not willing to volunteer or take any part or be connected with the controversies between these parties, and yet her very action and the allegations contained both in her declaration in the law case and her answer in the equity case are in result equivalent to an active participation in the matter on behalf of the Big Vein Pocahontas Company. Admittedly the original liability was that of the Big Vein Pocahontas Company, so far as Mrs. Repass was concerned. She sued for damages for the death of the deceased, Charles M. Repass, caused by the negligence of the Big Vein Pocahontas Company, and to that company, and to that company alone, until the giving of the supersedeas bond, she looked for payment. It is difficult to see how she could have failed to avail herself of her immediate, prompt, and ready remedy, by enforcing her execution to collect the amount due on her judgment, unless it was that she desired to force payment out of the Maryland Casualty Company, to the ignoring of the principal judgment debtor, the Big Vein Pocahontas Company.

[2] The right of the surety on a supersedeas bond, when he has paid that bond, to be remitted by subrogation to the benefit of the judgment for the payment of which the bond was given, cannot ordinarily be questioned. There appears no circumstance in this cause at this time why any different rule should be applied in this case. The request of the Maryland Casualty Company for an assignment of the character requested was under the circumstances of this case entirely reasonable, and should have been granted. What rights thereby accrued, or would accrue, to the Maryland Casualty Company, and what rights of enforcement it thereby acquired, so far as it was concerned, against the Big Vein Pocahontas Company, is a question or controversy solely between those parties to be adjudi-

cated upon proper proceedings when the Maryland Casualty Company threatens or attempts to enforce that judgment.

[3] In the opinion of this court, the court below was in error in dismissing the bill of complaint, and was in error in requiring the complainant to amend its bill to make the Big Vein Pocahontas Company a party defendant. It should upon the bill of complaint, as between Mrs. Sallie C. Repass and the Maryland Casualty Company, have decreed that upon the payment by the Maryland Casualty Company, within a time to be limited in the decree of the District Court, into the court of the full amount of principal, interest, and costs accrued to date, that the defendant Sallie C. Repass, administratrix, should execute and file with the court an assignment in due form (but without recourse upon her) of all her right, title, and interest whatsoever in and to the original judgment recovered by her against the Big Vein Pocahontas Company, with the lien thereof, and all rights of enforcement thereof which she possessed, and that upon the filing of the same the amount paid by the Casualty Company should be thereupon paid over to her, and the assignment should be delivered to the Maryland Casualty Company, and that the order requiring the Big Vein Pocahontas Company to be made a party to those proceedings should be vacated, and that upon the payment in full of the said judgment an injunction should be issued perpetually enjoining the further prosecution of the action at law against the Big Vein Pocahontas Company and the Maryland Casualty Company, and enjoining the enforcement of any judgment entered therein.

The decree below is accordingly reversed in cause No. 1610, and the cause remanded to the District Court, to proceed in accordance with the principles of this opinion.

In cause No. 1611 the judgment entered up against the Maryland Casualty Company and the Big Vein Pocahontas Company is also reversed, as having been ordered when the action should have been stayed to await the decree in the equity cause under the principles herein announced, with direction that the action be stayed until the final action of the court in the equity cause.

Reversed.