## In re DAY LUMBER CO.
### No. 7635.

District Court, W. D. Washington, N. D.
April 16, 1930.

See also 8 F.(2d) 146.

James A. Dougan, of Seattle, Wash., for petitioner Ann Church.

Preston, Thorgrimson & Turner, of Seattle, Wash., for United States Fidelity & Guaranty Co.

NETERER, District Judge (after stating the facts as above).

The widow contends: (a) That the bankruptcy court has not jurisdiction over the question between her and the bonding company; (b) that, if the court has jurisdic-

tion, the bonding company is not entitled to be subrogated, and that its claim ranks as a general creditor of the estate of the deceased trustee.

The first question as to the court's jurisdiction, in a somewhat similar case, was discussed and disposed of in Re Cochran (D. C.) 40 F.(2d) 282, this day filed. The court has jurisdiction. The fund is in custodia legis, and no change or relation subsequent to the adjudication in bankruptcy could in any sense change the status. The court may determine all controversies over property in custodia legis, and its jurisdiction cannot be destroyed after it attaches, or impaired through distribution to another or seizure thereof by adverse claimant. Whitney v. Wenman, 198 U. S. 540, 25 S. Ct. 778, 49 S. Ct. 1157; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; In re Schermerhorn (C. C. A.) 145 F. 341; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405.

As to the right to be subrogated on the part of the surety company, it is obvious that this was not a voluntary payment. It is manifest that the surety company's relation is more than a creditor of the estate of the deceased trustee. Its relation had to do with property in custodia legis, and when it was wrongfully appropriated, it paid the deficit, before the compensation earned by the deceased trustee had been fixed. Had the compensation been fixed, the deficit would have been less by the amount of the earned and unpaid fee.

Subrogation may be said to be an invention of equity, to do justice between all parties concerned and prevent injustice without regard to form, and includes every case where payment is not voluntary, and "which in justice, equity and good conscience ought to be paid by another."[1]

The contention that the fee, not having been fixed and certain, the doctrine does not apply to alter the disposition of a fund which has already been fixed by law when at the expense of a legal right, is not well taken. The disposition of this fund has not been fixed by law. There is no invasion of a legal right. The order of the state court can have no operation in the disposal of a fund in custodia legis, which the bankruptcy court is administering. The authorities cited, In re Hollander (D. C.) 181 F. 1019, In re Ameri-

[1] American Bonding Co. v. National Mechanics' Bank, 97 Md. 598, 55 A. 395, 99 Am. St. Rep. 476.

can Electric Telephone Co. (C. C. A.) 211 F. 88, and other like authorities, are not in point. Those were issues between third parties. In the instant case, the issue is between the court and the surety—a clear distinction. The court required the payment of the money to cover a deficit, when, in fact, the deficit would have been reduced by the amount of the earned and unpaid fees, had the fees been fixed, and when the fees were fixed and a petition was presented, the fund being in custodia legis, it became the duty of the court, in good conscience in the administration of justice and to prevent injustice, to direct the payment of the fixed, earned, and unpaid fees to the surety, which had paid the amount into the court. See Maryland Casualty Co. v. Repass (C. C. A.) 253 F. 328; Blake v. Traders' First National Bank, 145 Mass. 13, 12 N. E. 414; American Bonding Co. v. National Mechanics' Bank, 97 Md. 598, 55 A. 395, 99 Am. St. Rep. 476; 33 Cyc. 363.

The petition for review is denied. The order of the referee is affirmed.