Estate of Sophia Windt, Deceased.

Argued May 4, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*H. F. Stambaugh,* and with him *A. M. Connelly, Ralph H. Demmler* and *Watson & Freeman,* for appellants.

*John A. Metz,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

Sophia Windt, the testatrix, died on November 11, 1929. She left a will, without date, which she delivered to her brother and executor, Dr. Louis Weiss, before leaving on a trip to Europe with her husband in February, 1929. She had consulted her attorney relative to the rights of a husband and wife, in the event of shipwreck, and was advised "that the law presumed that the women and children would be saved first, and if two would die it would be presumed that the husband would die first." The testatrix left to survive her a husband and a son, Bernard E. Windt. She bequeathed to her mother and father, or the survivors of them, the sum of $5,000, and to her brother and each of her five sisters, the sum of $1,500, totalling $14,000. Immediately after these bequests, she provided for her son, as follows:

"I give and bequeath to my beloved son Bernard E. Windt all my estate, real, personal and mixed and all jewelry.

"My beloved son Bernard E. Windt is entitled to half of share after my death."

The husband, admittedly a man of means, survived the death of his wife, and filed an election to take against the will. The account showed a balance of $7,145.12, consisting of cash $3,078.50, jewelry $2,315, and the balance was money due from her husband. The court distributed the fund equally between the husband and the son.

An appeal was taken by the mother and the executors of the father who died after the testatrix, and a sister, Rose Feldman, took a separate appeal. As the same questions are involved in both appeals, they will be disposed of in one opinion.

The appellants maintain that, under the terms of the will, the legacy to the son was not specific, as held by the court, but that he is a residuary legatee and is not entitled to any part of the estate, except one-half of the jewelry, until the pecuniary legacies to the parents, brother and sisters are paid. If this position is sound, the son gets nothing, except his share of the jewelry. We are in accord with the view of the learned court below that the gift to the son should be classified as a specific rather than a residuary legacy, and cannot do better than adopt the language of Judge TRIMBLE, who, after referring to the election of the husband to take one-half the estate, said: "...... the intention of the testatrix with respect to her son, who must be considered the primary object of her bounty, was effected by holding that the son would take specifically the other one-half ...... If we hold that the gift of one-half of the testatrix's estate, real, personal and mixed and all jewelry is specific, the son will be preferred to the pecuniary legatees. Usually such a bequest and devise is general but here nothing could be more inconsistent than the gift of the pecuniary legacies followed by a gift of the whole estate to the 'beloved son' and not less ambiguous than inconsistent when the last declaration is that 'my beloved son is entitled to half of share after my death.'"

Of course, the controlling question is the intention of the testatrix. If we can satisfactorily ascertain her purpose from the language used in the will, it must prevail, and we need go no farther. A reading of the will discloses at once an irreconcilable conflict. It is impossible to give effect to all its provisions. To help solve our inquiry, we may take into consideration, therefore, the testatrix's situation, the amount and character of her estate, etc.: Hermann's Est., 220 Pa. 52, 58, 69 A. 285. Her seeking advice concerning survivorship in case of shipwreck indicates that if misfortune had overtaken her husband and her on their trip, and she had become entitled to all or a portion of his estate, she desired her parents and her collaterals to receive the legacies mentioned in her will. It is very evident that with less than $5,000 in assets, aside from her jewelry, she could not have contemplated the payment of the bequests, amounting to almost three times that amount, and also give one-half of her estate to her son. She probably knew that if they met no fatality, and she died first, her husband, who was not mentioned in the will, could, as he did, elect to take against the will. But whatever the attending circumstances were, the testatrix's last expressed intent was that her son, the first and natural object of her bounty, should get one-half of her estate. This interpretation not only carries out her evident design, but is in harmony with certain rules of construction. Where there are irreconcilable clauses in a will, the last clause is effective: Mayer's Est., 289 Pa. 407, 410, 137 A. 627. Furthermore, whatever doubt exists as to testatrix's purpose must be resolved in favor of the son. He cannot be practically disinherited by construing inconsistent clauses adversely to his interest in favor of testatrix's parents, brother and sisters, unless such intention is clearly manifested: Potter's Est., 257 Pa. 468, 101 A. 758. Where ambiguous

or contradictory expressions appear in a will, the law adheres as closely as possible to the general rules of inheritance: Penrose's App., 102 Pa. 448; Nebinger's Est., 185 Pa. 399, 39 A. 1049; Abel v. Abel, 201 Pa. 543, 51 A. 333.

Taking the will as a whole, and considering all the testatrix's circumstances and the objects of her bounty, it is apparent that she desired to give preference to her son over the other legatees. Consequently, the latter are not entitled to participate in the fund for distribution. See Elmore's Est., 292 Pa. 571, 141 A. 478.

The order of the court below is affirmed. Costs of the appeals to be paid by appellants.