## Martin's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Clark, Brown, McCown, Fortenbaugh & Young,* for exceptant.

*Howard M. Long,* contra.

BOLGER, J., June 27, 1947.—The aphorism that "no will has a brother" is well illustrated by the instant testament. The cases interpreting gifts of fractional interests of estates as cited in Hunter's Orphans' Court Common Place Book, vol. 2, p. 857, par. 19(o) and other like cases, including Haak's Estate, 342 Pa. 93, Wallace's Estate, 234 Pa. 459; Watson v. Smith, 210 Pa. 190; Finney's Appeal, 113 Pa. 11; Reed v. Reed, 9 Watts 263; Windt's Estate, 110 Pa. Superior Ct. 124; Wood's Estate, 267 Pa. 462, and Timothy's Estate, 7 D. & C. 167, while dealing with similar questions present different problems and, therefore, receive different treatment and varied answers. They all apply, however, the principle that the character of the legacy depends upon the intention of testator, as determined by the language of his will. The question is whether the interest is a "clear" share, i. e. a fraction of the gross estate and, therefore, entitled to priority, or of the net estate and, therefore, subject to abatement on account of debts, administration expenses and specific or general legacies.

Turning to the facts of our case, we find testator left surviving him a widow, who was his second wife and with whom he had lived happily for many years. He also left four children, all by his first wife. While certain aspects of the will appear to have received careful attention, its draftsmanship was faulty and its execution careless although legal. The only beneficiaries are the second wife and the children. The former receives under paragraph 1 considerable household and personal articles, after which in a separate paragraph she is given "an equal one-third share of my estate . . .". In the succeeding paragraph "all of the rest, residue and remainder of my property" is given "to my children and issue of deceased children in equal shares per stirpes absolutely". We cannot agree that the

separation of these gifts in different paragraphs is strong evidence of testator's intention that the gift of one third to the wife is to be regarded as a general legacy of a one-third "clear" interest, and that the interests of the children alone shall be answerable for all debts and administration expenses as well as the taxes, both State and Federal, enumerated in the sixth paragraph. On the contrary, it is clear to us that it was only natural that testator would make these gifts in separate paragraphs because the widow and the children were separate in blood relationship.

However, the determining element is the presence of the word "equal" in the disputed paragraph. "Equal" may be employed literally or relatively. Here, the word is used in a relative sense. Its connotation is that the gift is to be on an equal footing or status with some other gift or gifts. The only other ones, of course, are those to the four sons in the succeeding paragraph. That sense of the word necessarily negatives any priority attaching to it or that it is to constitute a "clear" interest. It cannot be held to be a specific legacy as in Windt's Estate, 110 Pa. Superior Ct. 124. It lacks the clarity of Thompson's Estate, 229 Pa. 542, where the gift was of one half of "all" of the personal property, and the court held that if the widow received less than the full one half, undiminished by the debts and expenses of administration, the manifest intention of testator would be defeated.

To sustain the exception to this construction of the instant will would require the shares of the children to bear the full burden of all of the taxes, which would be the greatest inequality. We cannot be convinced that testator so intended. The phrase is susceptible only of the interpretation given it in the adjudication and, therefore, if not so interpreted, it would have to be regarded as surplusage; that we refuse to do. "Equal"

is a word of almost magical potency in the construction of wills. To the layman it is of equivalent significance. We agree that the second paragraph is to be read as part of the third paragraph because testator so associated them, and that construed together they manifest an intent to dispose of everything not otherwise disposed of by the will, and are therefore residuary and chargeable with the taxes enumerated in the sixth paragraph: Armstrong Estate, 347 Pa. 23.

The clear language of the sixth paragraph of the will makes it the duty of executors to pay out of and to charge to the residuary estate the taxes on the "payable on death" Federal bonds and on the interest in premises 1334 E. Montgomery Avenue. The adjudication cites adequate authority for these conclusions.

The exceptions are dismissed and the adjudication is sustained absolutely.