### FORD v. UNITED STATES.

### No. 47006.

United States Court of Claims.

Decided Feb. 6, 1950.

Hubert Zell Ford, Jr., in pro. per.

Thomas O. Fleming, Washington, D.C., with whom was Assistant Attorney General H. G. Morison, for the defendant, Francis X. Daly, Boston, Mass., on the brief.

Before JONES, Chief Judge, and WHITAKER, HOWELL, MADDEN and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff, convicted of larceny by a court martial and serving his term in the penitentiary, sues to recover the amount of money taken from his person at the time of his arrest.

Plaintiff, a private in the American Army stationed in England, stole from one Gerald Segelman, an Englishman, 350 British pounds. The money was in a suitcase in a motion picture theater in Lincoln, England. Plaintiff was arrested some months later and 353 British pounds were taken from his possession. This money was not the same money that had been stolen. Plaintiff was convicted and sentenced to the penitentiary.

Later, on December 14, 1944, Segelman filed a claim against the United States for the money which plaintiff had stolen. This claim was allowed and Segelman was paid an amount which in American money was equivalent to the sum of $1,412.25.

The claim was allowed and paid under section 1 of Chapter 67 of the Act of April

22, 1943, 57 Stat. 66, 31 U.S.C.A. § 224d. This provides in part:

"For the purpose of promoting and maintaining friendly relations by the prompt settlement of meritorious claims, the Secretary of War * * * [is] authorized to appoint a Claims Commission * * * to consider, ascertain, adjust, determine, and make payments * * * of claims * * * on account of damage to or loss or destruction of private property both real and personal or personal injury or death of inhabitants of a foreign country * * * when such damage, loss, destruction, or injury is caused by Army, Navy, or Marine Corps forces, or individual members thereof * * *."

After plaintiff's conviction a United States Treasury check was drawn to his order in the amount of $1,426.99 representing the money taken from him at the time of his arrest. This check was delivered to a United States Army officer who took the check to plaintiff and requested him to endorse it to the United States Treasury. Plaintiff refused, and the check was canceled and the money is now in the United States Treasury. Plaintiff sues to recover this amount.

The defendant pleads a set-off of the amount of $1,412.25 which it was required to pay Segelman because of plaintiff's theft. We think it is entitled to the set-off claimed.

Segelman of course could have maintained an action against plaintiff to recover the money which plaintiff had stolen from him. Instead, Segelman filed a claim against the United States, and the United States, under the obligation which it had imposed upon itself by the Act of April 22, 1943, paid Segelman the debt which plaintiff owed him. This of course discharged plaintiff's liability to Segelman and, hence, it would seem that defendant is subrogated to Segelman's claim against plaintiff.

In paying plaintiff's debt to Segelman, we do not think it can be said the defendant was acting as a volunteer. For the sake of promoting friendly relations with friendly countries whose soil we were occupying during the war, we assumed liability for certain acts of the members of our armed forces. This was done not only to promote friendly relations with these countries, but also for the safety of our troops and military supplies, by increasing good will in the environments of our ammunition dumps, supplies and communications. It was a legal liability assumed in discharge both of a moral obligation to respond for depredations committed by members of our armed forces, and also to preserve the safety and effectiveness of these forces, including plaintiff. Under such circumstances we do not think it can be said that the defendant in the payment of plaintiff's debt was acting as a mere volunteer. Cf. American Mail Line, Ltd., v. United States, 59 F.Supp. 921, 105 Ct.Cl. 1, 25, 26; In re Day Lumber Co., D.C., 40 F.2d 285, 286; Gross v. Tierney, 4 Cir., 55 F.2d 578, 582; Boney v. Central Mutual Insurance Co., 213 N.C. 563, 567, 568, 197 S.E. 122; Home Savings Bank v. Bierstadt, 168 Ill. 618, 623, 624, 48 N.E. 161, 61 Am.St.Rep. 146.

The defendant's payment of Segelman's claim discharged plaintiff's debt to Segelman, and in equity and good conscience plaintiff should repay the amount to the defendant. Defendant's plea of set-off is good. From the amount of $1,426.99 which was taken off of plaintiff's person there will be deducted the amount necessary to discharge Segelman's claim of $1,412.25, and judgment will be rendered in plaintiff's favor for the balance of $14.74. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.