**SMITH v. SNYDER, Secretary of the Treasury.**

No. 10145.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 13, 1949.

Decided Feb. 13, 1950.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Smith brought a civil action against the Secretary of the Treasury, alleging that military officers of the United States in France had seized from him (Smith) personal funds in the amount of thirteen thousand five hundred dollars in hundred-dollar bills and had illegally paid the seized money into the Treasury of the United States. He prayed that the court declare the Secretary to be an involuntary trustee for the fund and, further, that the court order the Secretary to pay the money into the court or to a receiver and ultimately return it to appellant. The District Court dismissed the action.

Congress has provided that the United States may be sued in the Court of Claims in any action founded on contract or on the Constitution,[1] and it is established that whenever the United States seizes private property there is an implied obligation to pay for it.[2] The property here involved is not in the hands of any official in his unofficial or personal capacity but is admittedly in the Treasury of the United States, where it is mixed with the public funds. There is no way by which the specific property taken can now be returned. Nor may claimant obtain reimbursement from the general funds of the Treasury on any theory of constructive trust. It seems clear to us that an action to test appellant's right to compensation for the seizure lies in the Court of Claims.[3]

That being so, the present action for equitable relief will not lie and so was properly dismissed.

Other considerations support the conclusion we have reached, but the foregoing seems sufficient.

Affirmed.

---

1. 62 Stat. 940 (1948), 28 U.S.C.A. § 1491.

2. Yearsley v. Ross Constr. Co., 1940, 309 U.S. 18, 21, 60 S.Ct. 413, 84 L.Ed. 554; Phelps v. United States, 1927, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083; Duckett & Co. v. United States, 1924, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216; Cotton Land Co. v. United States, 1948, 75 F.Supp. 232, 109 Ct.Cl. 816, and cases there cited.

3. See Ford v. United States, Ct.Cl. 1950, 88 F.Supp. 263.