ESTATE OF MALCOLM LLOYD, JR., MARY DERCUM LLOYD, THE PENN-
SYLVANIA COMPANY FOR BANKING AND TRUSTS, EXECUTORS, PETI-
TIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48379.    Filed June 30, 1955.

*Leon Meltzer, Esq.*, and *Gustave F. Straub, Esq.*, for the petitioners.
*Max J. Hamburger, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* The controversy here is as to the construction to be given the will of the decedent. The respondent takes the position that by Item 6 the decedent provided that the income from the trust property should be distributed to his wife, Mrs. Lloyd, during her life and upon her death, if there be no children of them surviving, the entire corpus or principal of the trust should be distributed to decedent's sisters and brothers and the children thereof per stirpes. The respondent takes the further position that by Item 7 decedent provided that if he left no issue to take as provided in Item 6, then upon the death of his wife, Mrs. Lloyd, and his sisters the corpus or principal of the trust should be distributed one-half to decedent's nephews and nieces and the issue of any who are deceased, per stirpes, and the remaining one-half should be distributed to the named charities. The respondent contends that as thus construed Items 6 and 7 of the will are hopelessly inconsistent and irreconcilable, that because of such irreconcilability the interest the charities will ultimately take is lacking in certainty and not presently ascertainable and that, accordingly, the petitioners have failed to establish that they are entitled to the deduction of $292,479.48 taken for charitable bequests. The respondent further urges that consideration of extrinsic evidence as to the surrounding circumstances under which the decedent made the will is not permissible to ascertain the decedent's intent and that an application of the technical rules of interpretation applied by courts in construing ambiguous or contradictory provisions of

wills strongly indicates that the bequests to charities are unenforceable against the next of kin under the will.

The petitioners contend that a proper interpretation of the will requires consideration of all its provisions and that so interpreted the decedent's will, alone and without the consideration of extrinsic evidence, gives the charitable institutions named therein vested interests. They further contend that, where the language of a will is ambiguous or in seeming conflict, as in the decedent's will, it is proper to consider the circumstances and declarations of the testator prior to making the will. Petitioners take the position that Item 6 of the decedent's will disposes only of the income arising from the trust, absent children, and Item 7 disposes of the principal, giving vested interests to the charitable organizations provided for therein.

So far as appears, neither the petitioners nor anyone else interested in the decedent's will has ever sought a construction of it by any court in Pennsylvania or elsewhere, and petitioners now ask us to construe it only because they seek the allowance of a deduction for charitable bequests in computing decedent's net estate for Federal estate tax purposes. Grantees under deeds, wills, and trusts, alike, take according to the rule of the State law. Whether a named grantee does or does not take depends upon the interpretation placed upon the terms of the instrument by State law. Once rights are obtained by local law, whatever they may be called, they are to be recognized for Federal tax purposes. Consequently, in a situation such as is presented here we must determine under the applicable State law the rights of the parties named in the decedent's will as best we may. *Anthony J. Drexel Biddle, Jr.*, 11 T. C. 868.

The fundamental rule in construing wills was stated as follows in *Hilton v. Kinsey*, (C. A., D. C.) 185 F. 2d 885:

"The law in this jurisdiction, as well as in all the states of the United States, is that the intention of the testator is the basic and fundamental rule in the construction of wills, and the intention should be determined by construction of the whole will and not from detached paragraphs; and where the intention is apparent, it should be given effect—and this is true—even though to do so involves the rejection of the literal meaning of particular words." Walker v. Thomas, 64 App. D. C. 148, 149–150, 75 F. 2d 667, 668–669, 99 A. L. R. 713. "In order to reach this end words may be supplied and omitted and sentences transposed." Farrar v. Bingham, 68 App. D. C. 93, 95, 93 F. 2d 252, 254. * * *

Also see *In re Patterson's Estate*, 333 Pa. 92, 3 A. 2d 320; *Riegel v. Oliver*, 352 Pa. 244, 42 A. 2d 602; *In re Worstall's Estate*, 125 Pa. Super. 133, 190 Atl. 162.

Where the language or provisions appearing in a will are ambiguous or conflicting, consideration will be given to the circumstances surrounding the making of the will and the declarations of the testator in order to determine the testator's intent. *Logan v. Wiley*, 357 Pa. 547, 55 A. 2d 366, and cases there cited. See also *Baker v. National*

*Savings & Trust Co.*, (C. A., D. C.) 181 F. 2d 273. Where there are irreconcilable clauses in a will, the last clause is given effect. *In re Fisher's Will*, 355 Pa. 105, 49 A. 2d 376; *In re Mayer's Estate*, 289 Pa. 407, 137 Atl. 627; *In re Windt's Estate*, 110 Pa. Super. 124, 167 Atl. 467.

From a careful consideration of the controverted Items 6 and 7 of the decedent's will, together with the other provisions thereof, and the record as a whole in the light of the foregoing rules, it is our opinion that decedent's intention was that Mrs. Lloyd, during her lifetime, should receive the income from the property placed in trust by the will; that upon her death, with no children having been born to decedent's and her marriage, the property should continue to be held in trust until the death of the survivor of decedent's sisters, Anna Lloyd Hayward and Mary C. Wister; and that, upon the death of such survivor, the principal of the trust should be distributed as provided in Items 7 and 8 of the will, namely, one-half to decedent's nephews and nieces then living and the lawful issue of any deceased nephew or niece, per stirpes, and the remaining one-half to the organizations named in Items 7 and 8 and in the proportions there stated. On the record presented we are unable to conclude that decedent's intention was other than the foregoing.

In view of what has been said above, we conclude that the bequests to charitable, educational, and religious organizations made by decedent were not contingent as determined by respondent but were vested. Having reached that conclusion, we hold for the petitioners on this issue.

*Decision will be entered under Rule 50.*